486 A.2d 978

**RICHLAND MALL CORPORATION t/a Richland Mall Associates**

**v.**

**KASCO CONSTRUCTION CO., INC. and Hamada, Inc.**

**v.**

**HESS BROTHERS, INC. and Drexel Realty, Inc. t/a Montgomery Development Co. and Leonard Evantash t/a Evantash Associates and Paul H. Cohen.**

**Appeal of KASCO CONSTRUCTION CO., INC.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1984.

Filed Dec. 21, 1984.

I. Leonard Hoffman, Philadelphia, for appellant.

Steven A. Bergstein, Allentown, for appellee.

Before McEWEN, DEL SOLE and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by Kasco Construction Company, Inc. (hereinafter Kasco), appellant, from the order of the Court of Common Pleas of Bucks County granting a motion for summary judgment filed by appellee, Hess Brothers, Inc. (hereinafter Hess) after Kasco filed a third party complaint

against Hess. In response thereto, appellee has filed a motion to dismiss the appeal of Kasco Construction Company.

On April 30, 1975, Kasco entered into a Limited Partnership Agreement with, among others, Hess, to form a limited partnership known as Richland Mall Associates (hereinafter RMA) in which Hess was the sole general partner. The purpose of the agreement was to erect, own and operate Richland Mall in Richland Township. Kasco undertook the general construction of the mall after executing a construction agreement with RMA in 1975. Subsequently, Kasco, as general contractor, entered into a contract with Hamada, Inc. (hereinafter Hamada) whereby the latter, as sub-contractor, would undertake to construct the roof of the Richland Mall. On June 30, 1978, Richland Mall Corporation (RMC) entered into an agreement of sale with Hess and RMA whereby RMC acquired the partnership known as RMA. After construction of the mall, it was found that the roof was defective.

On June 29, 1981, RMC instituted a federal action against Kasco and Hamada alleging the defective construction of the roof. This suit involved the same subject matter as the instant appeal and was brought before the United States District Court for the Eastern District of Pennsylvania. It was dismissed by order dated March 8, 1982.

On June 15, 1982, a complaint was filed by RMC trading as RMA against Kasco and Hamada, alleging problems with the roof installed at the Mall. Kasco filed a complaint joining the additional defendants, including Hess, on July 14, 1982. Various pleadings were exchanged until a motion for summary judgment was filed by Hess on March 3, 1983, which was granted on April 7, 1983. A Notice of Appeal to this court was filed on May 6, 1983. Subsequent to presentation of the motion for summary judgment, answers were filed on behalf of two additional defendants; however, Kasco never responded to the motion by brief. The trial court granted appellee's motion for summary judgment on two separate substantive grounds: (1) that Hess was not

responsible for the defective roof and (2) that Kasco had executed a release in favor of Hess which acts as an effective bar to the action. This appeal followed, and Hess filed a motion to dismiss appellant's appeal, which motion is likewise predicated on two contentions: (1) that Kasco failed to respond effectively and properly to the motion for summary judgment of Hess and has, therefore, waived its right to appeal under Pa.R.A.P. 302(a) and (2) that the decision to grant summary judgment was interlocutory in character and not appealable. By per curiam order dated August 9, 1983, the disposition of the Motion to Dismiss was deferred to this court.

Appellant herein claims that there is a triable issue of fact as to (1) whether Kasco has a valid claim against Hess for indemnification and/or contribution; (2) whether the claims of Kasco are not barred by virtue of the release; and finally, (3) whether Kasco has effectively reserved its right to appeal. We affirm.

■ At the outset, we are constrained to deny Hess's Motion to Dismiss the appeal.[1] The lower court held that Kasco's failure to respond to the motion for summary judgment was fatal and deemed Kasco's inaction an abandonment of its opposition to the motion, citing Bucks County Rule of Civil Procedure 266, which provides that the non-moving party must file a responsive brief or memorandum of law within ten days of the date of the mailing of a copy of the moving party's brief or memorandum of law or suffer, in the judge's discretion, a dismissal. In *Brogan v. Holmes Electric Protection Company*, 501 Pa. 234, 460 A.2d 1093 (1983), the Court invalidated a local rule of court which authorized dismissal upon counsel's failure to file timely briefs. In *Brogan*, a motion for summary judgment

---

1. Hess has also raised an issue of *res judicata* as to its liability since the action in Federal court was dismissed. The trial court stated, and we agree ,
   We are unable to determine whether that order constitutes *res judicata* because we do not have before us the facts, circumstances and pleadings of that case.
   (Opinion, Garb, P.J. at 7)

had been filed and was granted because plaintiff had failed to file a reply brief within thirty days from the date appellee's brief was filed.[2] The Court held

> The trial of a lawsuit is not a sporting event where the substantive legal issues which precipitated the action are subordinate to the "rules of the game". A lawsuit is a judicial process calculated to resolve legal disputes in an orderly and fair fashion. It is imperative that the fairness of the method by which the resolution is reached not be open to question. A rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, without regard to the substantive merits and without regard to the reason for the slip, is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure. Rule 126 is not a judicial recommendation which a court may opt to recognize or ignore. Rather the rule is a statement of the requirement of fairness and establishes an affirmative duty courts are bound to follow in applying all procedural rules whether they be statewide or local in origin.

*Brogan,,* 501 Pa. at 240, 460 A.2d at 1094. Since we deny appellee's motion to dismiss, the appeal is ripe for disposition.[3]

■ Although as noted above, *Brogan* does not support the *pro forma* grant of a motion for summary judgment on the basis of a failure to file a reply brief, we further note that a non-moving party who does not properly oppose a

---

2. It is inappropriate for us to decide the continuing validity of Rule 266 and whether it is consistent with the Pennsylvania Rules of Civil Procedure and the fairness mandated by Pa.R.Civ.P. 126, since we affirm on the merits. We chose to adopt the spirit of *Brogan* as applied to this, albeit discretionary, local rule but decline to extend our examination to affirm based solely on these grounds. The validity of the rule has not been called into question.

3. The grant of the motion for summary judgment is final and appealable since it has the effect of dismissing Hess from the case. *Fireman's Fund Insurance v. Nationwide Mutual Insurance,* 317 Pa.Super. 497, 464 A.2d 431 (1983).

motion for summary judgment with affidavits, depositions or the like may not rely on the allegations of his pleadings to controvert facts presented by the moving party's depositions. *Pennsylvania Gas and Water Company v. Nenna & Frain, Inc.,* 320 Pa.Super. 291, 467 A.2d 330 (1983). *First Mortgage Company of Pennsylvania v. McCall,* 313 Pa.Super. 54, 459 A.2d 406 (1983). *Aimco Imports, Ltd. v. Industrial Valley Bank and Trust Company,* 291 Pa.Super. 233, 435 A.2d 884 (1981). Notwithstanding any issue of Kasco's failure to act, summary judgment was properly entered on the merits.[4] Summary judgment should not be entered unless a case is free from doubt. The moving party must prove that there is no genuine issue of material fact to be tried and that it is entitled to judgment as a matter of law. Moreover, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Weiss v. Keystone Mack Sales, Inc.,* 310 Pa.Super. 425, 456 A.2d 1009 (1983).

■ First, subsequent to the discovery of roof problems, Kasco, for consideration, released Hess "from all, and all manner of, actions and causes of action, suits ... claims and demands whatsoever in law or equity ... arising from the Limited Partnership or the Post-Closing Agreement from the beginning of the world to the date of these presents." This release was dated August 28, 1979. The facts and circumstances existing at the time of the execution of the release indicate that the parties thereto wished to cause a general settlement of accounts. (*see,* e.g., *Gateway Center Corporation v. Merriam,* 290 Pa.Super. 419, 434 A.2d 823 (1981)). This is not a case where a particular party lacked bargaining power but involved sophisticated business entities represented by counsel. Kasco asserts that the general words of a release will not bar enforcement of a claim not accrued at the date of execution, *citing Restifo v. MacDonald,* 426 Pa. 5, 230 A.2d 199 (1967).

4. Under Pa.R.Civ.P. 1035, a judge is empowered to enter summary judgment only "if appropriate".

*Restifo* involved unsophisticated litigants and was specifically limited to its facts. 426 Pa. at 11, 230 A.2d at 202. The Court stated

> Our opinion in this case, of course, does not prevent the parties from contracting for the release of the right to seek contribution in the event of a lawsuit by a third party, for "[i]t is well settled that where the terms of a release and the facts and circumstances existing at the time of its execution indicate the parties had in mind a general settlement of accounts, the release will be given effect according to its terms." *Brill's Estate,* 337 Pa. 525, 528, 12 A.2d 50, 52 (1940).

The release at issue here was bargained for and was executed after the sale of the mall and after roof problems had developed and the parties had been made aware of the defects.

Kasco further claims that Hess's liability is predicated upon representations and warranties alleged by RMC in its complaint. RMC never alleged that any representations or warranties were made to it by Hess, and there is no proof offered of any such warranties or representations. Appellant will not be permitted to rest on mere allegations. *Breslin v. Ridarelli,* 308 Pa.Super. 179, 454 A.2d 80 (1982), *Marchese v. Marchese,* 457 Pa. 625, 326 A.2d 321 (1974).

RMC's complaint alleged that the defects in the mall roof resulted from the time chosen for its construction, i.e., "the roof was constructed during the adverse and inclement weather of winter months without reasonable and necessary precautions being taken to prevent damage to the roof." Kasco joined Hess, asserting tnat the latter determined when the roof would be constructed. The lower court correctly held "there is not one word of record establishing that Hess, or any of its agents or employees participated in any way in the determination of when the roof should be constructed and installed." (Opinion, Garb, P.J. at 5). Moreover, in its Answers to Interrogatories, Kasco names no Hess personnel as being involved in the decision as to the time of the construction.

■ We, therefore, find no genuine issue of material fact and hold that summary judgment was properly entered in favor of Hess.

Order affirmed.