577 A.2d 971

**Cleveland GUINN, Appellant,**

v.

**ALBURTIS FIRE COMPANY and Joseph Thomas McGee, Jr., Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 3, 1990.

Decided July 27, 1990.

Michael P. Snover, with him, Dennis P. Ortwein, Cohen, Knafo, Feeley & Ortwein, for appellant.

Larry D. Jackson, Harris and Silverman, and Robert F. Fortin, for appellees.

Before McGINLEY and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

## OPINION

McGINLEY, Judge.

Cleveland Guinn appeals a Lehigh County Common Pleas Court order sustaining Alburtis Fire Company's

272

(Alburtis) preliminary objections and dismissing Guinn's complaint against Alburtis.[1] We reverse.

Guinn's complaint set forth the following facts:

6. ... Cleveland Guinn was a business invitee of the Alburtis Fire Company which is located at Franklin Street in Lehigh County, Pennsylvania wherein he was permitted to consume unlimited quantities of beer without any supervision or monitoring from the Defendant, Alburtis Fire Company.

7. At some point in time prior to 9:30 p.m. the Plaintiff, Cleveland Guinn, left the event sponsored by the Plaintiff, Alburtis Fire Company and began walking to his residence in Emmaus, Pennsylvania.

8. When the Plaintiff, Cleveland Guinn, was approximately one and one third miles away from the Defendant, Alburtis Fire Company, he was struck by an automobile being driven by the Defendant, Joseph Thomas McGee, Jr., by himself and as an agent, servant and/or employee of Defendant, Muriel McGee.

. . . .

12. On August 23, 1986 the Alburtis Fire Company, through the LCB and with special license permission, engaged in serving malt and brewed beverages to the public.

13. At the time, date and place aforesaid, the Defendant, Alburtis Fire Company, did furnish and give brewed beverages to Cleveland Guinn, who consumed said brewed beverages on the premises of the Defendant, and Cleveland Guinn was at the time of consuming said brewed beverages intoxicated and under the influence of intoxicating beverages.

1. In determining whether to sustain preliminary objections in the nature of a demurrer, all well-pleaded facts and all inferences that may be deduced therefrom, but not conclusions of law, must be accepted as true. A demurrer will not be sustained unless it is clear on the face of the pleading that the law will not permit recovery. *Harrisburg State Hospital v. Sherk,* 128 Pa.Commonwealth Ct. 150, 562 A.2d 1025 (1989).

Alburtis filed preliminary objections in the nature of a demurrer, asserting that it was a local agency entitled to immunity pursuant to Section 8541 of the Judicial Code.[2] Guinn countered with preliminary objections, contending that immunity was improperly raised. The trial court sustained Alburtis' preliminary objections, reasoning that it was a local agency entitled to immunity.

Guinn argues, as he did before the common pleas court, that immunity is an affirmative defense which cannot be raised in preliminary objections. However, our Supreme Court has held that immunity, an absolute defense, may be raised at any time. *In Re Upset Sale of Properties (Skibo)*, 522 Pa. 230, 560 A.2d 1388 (1989). This Court has previously permitted the governmental immunity defense to be raised by preliminary objections. *Cotter v. School District of Philadelphia*, 128 Pa. Commonwealth Ct. 159, 562 A.2d 1029 (1989).

Guinn next contends that the trial court improperly sustained Alburtis' preliminary objections, arguing that material issues of fact exist which are determinative of whether Alburtis is a local agency entitled to immunity. We agree.

Guinn concedes that a volunteer fire company is a local agency entitled to immunity when acting within the scope of its public fire-fighting duties. *Weaver v. Union City Volunteer Fire Department*, 102 Pa.Commonwealth Ct. 298, 518 A.2d 7 (1986); *Wilson v. Dravosburg Volunteer Fire Department No. 1*, 101 Pa.Commonwealth Ct. 284, 516 A.2d 100 (1986). Though his pleadings do not make clear what type of "function" Guinn was attending, he maintains that there is a dispute as to whether Alburtis was engaged in public fire-fighting duties when serving alcohol.

Analogizing governmental immunity to employer immunity, this Court has determined that activities such as fundraisers and educational fire-fighting demonstrations are traditional functions of a volunteer fire company, providing

2. 42 Pa.C.S. § 8541.

immunity from suit for purposes of The Pennsylvania Workmen's Compensation Act.[3] *Temple v. Milmont Fire Co.,* 106 Pa.Commonwealth Ct. 120, 525 A.2d 848 (1987). However, although the mere serving of alcohol does not render Alburtis' actions outside the scope of its duties, in the context of this tort claim, the facts Guinn pled, if proved, may establish that Alburtis was not within the scope of its duties.

Accordingly, because a demurrer will not be sustained unless it is clear on the face of the pleading that the law will not permit recovery, we reverse.

## ORDER

The Lehigh County Common Pleas Court order, No. 88–C–1586 dated August 2, 1989, is reversed.

---

**3.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1031.