581 A.2d 665

John Thomas TROY, Jr., in his own right and as Administrator of the Estate of Jennifer Troy, Deceased and as Father and Next of Friend of John Thomas Troy, III, a Minor, and Marilyn S. Troy

v.

KAMPGROUNDS OF AMERICA, INC., Frederick L. Madeira; La Deira, Inc.; Agway Petroleum Corporation; Cigna; UBA Fire and Explosion Investigators, Inc.; Emerson Electric Company; and Honeywell, Inc.

v.

SPEED QUEEN COMPANY, Subsidiary of Raytheon Corporation; A.O. Smith Company; Paul R. Bowers; PAC Industries; Pennsylvania Department of Environmental Resources; William E. Sacra & Associates; and Jerry T. Stahlman

v.

HAMILTON STANDARD CONTROLS INC., ESSEX FLOW CONTROLS, DIVISION, A DIVISION OF UNITED TECHNOLOGIES, INC.

Appeal of Frederick L. MADEIRA and La Deira, Inc., Appellants.

John Thomas TROY, Jr., in his own right and as Administrator of the Estate of Jennifer Troy, Deceased and as father and next of friend of John Thomas Troy, III, a minor, and Marilyn S. Troy, Appellants,

v.

KAMPGROUNDS OF AMERICA, INC.; Frederick L. Madeira; La Deira, Inc.; Agway Petroleum Corporation; Cigna; UBA Fire and Explosion Investigators, Inc.; Emerson Electric Company and Honeywell, Inc.

v.

SPEED QUEEN COMPANY, Subsidiary of Raytheon Corporation; A.O. Smith Company; Paul R. Bowers; PAC Industries; Pennsylvania Department of Environmental Resources; William E. Sacra & Associates and Jerry T. Stahlman

v.

HAMILTON STANDARD CONTROLS, ESSEX FLOW CONTROL DIVISION, A DIVISION OF UNITED TECHNOLOGIES, INC.

Superior Court of Pennsylvania.

Argued Jan. 18, 1990.

Filed Oct. 25, 1990.

Roger T. Shoop, Harrisburg, for appellants (at 176) and for Madeira, appellees (at 192).

David C. Eaton, Harrisburg, for appellant (at 192) and for Troy, appellee (at 176).

Dennis L. Platt, Philadelphia, for A.O. Smith, appellee.

Thomas O. Malcolm, West Chester, for Honeywell, appellee.

Robert P. Coleman, Philadelphia, for Speed Queen, appellee.

Before ROWLEY, FORD ELLIOTT and HOFFMAN, JJ.

FORD ELLIOTT, Judge:

This is an appeal and a cross-appeal from the grant of summary judgment in an action brought for the death of Jennifer Troy, age 3, the personal injuries of John Thomas Troy, III, age 9, the personal injuries of their parents, Marilyn S. Troy and John Thomas Troy, Jr., and the derivative damages of John Thomas Troy, Jr., which resulted from an explosion and fire in the laundry room of a Kampgrounds of America, Inc. (KOA) campsite located in Dillsburg, Franklin Township, York County, Pennsylvania on Sunday, August 2, 1981. We reverse and remand.

The campground is owned by La Deira, Inc. and operated by its President and chief stockholder Frederick L. Madeira under a franchise agreement with KOA. The laundry room, located in the basement of the campground office building, contained six washing machines and a holding tank for hot water. Propane gas from an outside tank was piped to the three Speed Queen gas dryers and an A.O. Smith gas hot water heater. The propane tank also supplied a gas stove on the second floor of the building.

At the time of the explosion, Marilyn S. Troy, accompanied by her two children, was sorting clothes in the laundry room of the KOA campground, preparing to do the family washing when she saw a "red ball" come from the direction of the dryers. As a result of the explosion and fire, Jennifer Troy received burns over 95% of her body and died two weeks later, Marilyn Troy sustained burns over 80% of her body, and John Troy, III, received burns over 50% of his body. John Troy, Jr., who was returning to the laundry from retrieving his wallet was also injured.[1]

The explosion and the ensuing fire totally destroyed the building. The gas range and some pipe were removed from the site and salvaged by investigators for the campground operator. State Police fire marshalls, investigators for the campground and investigators for Agway, supplier of the propane, had the opportunity to examine the damaged appliances. The building site was leveled and remains of the appliances destroyed on August 5, 1981, the Wednesday following the accident. Because of this, investigators for the Troys as well as the defendants and additional defendants on appeal never had an opportunity to examine either the damaged appliances or the remains of the office building.

On May 11, 1983, a complaint was filed and subsequently amended three times, various additional defendants were also joined. On August 20, 1985, an order was entered granting summary judgment in favor of Emerson Electric

1. The record indicates that the emergency medical personnel at the scene summoned an ambulance for the family dog also burned in the explosion.

and A.O. Smith; summary judgment was also granted in favor of Robertshaw Controls Company, Warren Petroleum Corp. and Hamilton Standard Controls, Inc. Following an appeal, this Court reversed and remanded to allow additional discovery on August 29, 1986, stating that "because of the severe injuries and death, we feel that the ruling denying further discovery was too harsh." 359 Pa.Super. 635, 515 A.2d 623 (1986), *allocatur denied,* 515 Pa. 569, 526 A.2d 1191 (1987). On June 7, 1988, A.O. Smith and Emerson Electric filed for summary judgment, Honeywell filed for summary judgment on July 12, 1988, and Speed Queen on September 1, 1988. On February 24, 1989, the order forming the basis of this appeal granted summary judgments to the manufacturer of the dryers, Speed Queen, and to the manufacturer of the hot water heater, A.O. Smith as well as to Honeywell and Emerson Electric, alleged manufacturers of components for these appliances. This appeal followed, the Troys appealing from the grant of summary judgment in favor of Speed Queen and A.O. Smith, and defendants Madeira and La Deira appealing from the grant of summary judgment in favor of Honeywell and Emerson Electric.[2]

In *O'Neill v. Checker Motors,* 389 Pa.Super. 430, 567 A.2d 680 (1989), we recently reiterated the standard of review for an appeal from the grant of summary judgment:

2. As a procedural matter, Honeywell and Emerson Electric contend that Appellants, Frederick L. Madeira and La Deira, Inc., having failed to file either an answer or a brief in opposition to the motion for summary judgment lack standing to appeal the grant of summary judgment. Honeywell and Emerson Electric are, in essence, attempting to argue that these appellants were *required* to respond to the motion for summary judgment. This failure to file documents in response to the motion for summary judgment does not render summary judgment automatic. *Knecht v. Citizens & Northern Bank,* 364 Pa.Super. 370, 528 A.2d 203 (1984). This Court denied a motion to quash the appeal of Madeira and La Diera without prejudice to raise the issue in their appellate brief on May 9, 1989. Our review of the record reveals this contention to be without merit. The record indicates that the trial court specifically extended the time limit after oral argument to allow the report of Madeira's and La Deira's expert, J. Stanford Setchell, P.E., to be submitted to the court and to be considered by the court prior to the summary judgment adjudication. This report was entered of record on January 13, 1988, and mentioned in the trial court opinion.

As an appellate court, we are bound to consider certain principles which dictate when and under what circumstances a trial court may properly enter summary judgment. *Goebert v. Ondek*, 384 Pa.Super. 100, 108–04, 557 A.2d 1064, 1066 (1989). The trial court must accept as true all well-pleaded facts in the non-moving party's pleadings, and give to him or to her the benefit of all reasonable inferences to be drawn therefrom

*Jefferson v. State Farm Insurance*, 380 Pa.Super. 167, 170, 551 A.2d 283, 284 (1988). Summary judgment should not be entered unless the case is clear and free from doubt. *Hathi v. Krewstown Park Apartments*, 385 Pa. Super. 613, 615, 561 A.2d 1261, 1262 (1989). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories and admissions on file support the lower court's conclusion that no genuine issue of material fact exists and that the moving party is entitled judgment as a matter of law. Pa.R.C.P. No. 1035, 42 Pa.C.S.A.; *Hatter v. Landsberg*, 386 Pa.Super. 438, 440, 563 A.2d 146, 147–48 (1989). *See Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 176, 553 A.2d 900, 903 (1989) (entire record before lower court must be thoroughly examined and all doubts as to the existence of a genuine issue of material fact are to be resolved against a grant of summary judgment). We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank*, 379 Pa.Super. 313, 318, 549 A.2d 1311, 1313 (1988).

*O'Neill, supra*, 389 Pa.Super. at 434–435, 567 A.2d at 682.

In the present case, the trial court's decision is premised on the conclusion that no genuine issue of material fact exists and that the cumulative value of the Troys' evidence is insufficient to carry their burden "on the subject matter of these motions." Trial court opinion, at 6. Our thorough review of the record reveals conflict in testimony and controverted issues which appear to us to be material.

The trial court, rather than accepting as true all well-pleaded facts of the non-moving parties and resolving any doubts as to the existence of a genuine issue of material fact against the moving party, did the opposite. The various defendants in the present case have been charged on theories of negligence, product liability and destruction of evidence. Recognizing the malfunction theory of products liability, (malfunction may be inferred from the fact of failure in the absence of abnormal use and reasonable secondary causes), the trial court concluded from the opinion of the Troys' expert that the Troys would be unable to establish a defective condition. The trial court stated:

[d]espite seven years of extensive discovery, however, no witnesses nor any experts have been able to state with any degree of reasonable certainty that a defect existed in the appliances....

Trial court opinion, at 8.

However, the malfunction theory of products liability does not require the Troys to prove a defective condition.

A plaintiff presents a *prima facie* case of strict liability by establishing that the product was defective and that the product caused the plaintiff's injury. In most instances the plaintiff will produce direct evidence of the product's defective condition. In some instances, however, the plaintiff may not be able to prove the precise nature of the defect, in which case reliance may be had on the "malfunction" theory of product liability. This theory encompasses nothing more than circumstantial evidence of product malfunction. It permits a plaintiff to prove a defect in a product with evidence of the occurrence of a malfunction and with evidence eliminating abnormal use or reasonable secondary causes for the malfunction. It thereby relieves the plaintiff from demonstrating precisely the nature of the defect yet it permits the trier-of-fact to infer one existed from the evidence of the malfunction, of the absence of abnormal use and of the absence of reasonable secondary causes (citations omitted).

*Rogers v. Johnson & Johnson Products, Inc.*, 523 Pa. 176, 182, 565 A.2d 751, 754 (1989). Hence, the trial court erred in holding the plaintiffs to an inappropriate standard to ascertain the existence of a defect in the manufacturing process.

Additionally, the trial court dismissed the January 10, 1989 report of J. Sanford Setchell, P.E., the expert for Madeira and La Deira. Setchell's report asserts, based on a reasonable degree of engineering and scientific certainty, that the explosion in question was caused by the defective gas pilot light safety valve of the A.O. Smith hot water heater. Spurning Setchell's report, the trial court reasoned that the negligence of others, particularly the Agway serviceman and the KOA maintenance man or the age of the water heater, may have led to the explosion thereby negating the inference of malfunction defect. Thus the trial court concluded that the Troys were unable to establish the essential element of their cause of action against the appliance and component manufacturers, a defective condition proximately causing injury. The trial court found that there were material issues of fact in dispute concerning the operation and maintenance of the KOA appliances, but that none existed as to the defendants and additional defendant manufacturers of the appliances and their mechanical components.

Reasoning similar to the trial court's has recently been rejected by the Pennsylvania Supreme Court. In *Rogers, supra,* such reasoning has been determined to impermissibly encroach upon the province of the jury:

[We cannot agree] ... that a plaintiff who has presented a malfunction case will always be precluded from proceeding upon an alternate theory of negligence. It is altogether possible that a plaintiff's injury could be caused jointly by a defective product and also by third party negligence so long as the negligence does not constitute a supervening cause of the malfunction. 'Given the occurrence of a malfunction, the [alleged] negligence assumes legal significance only if it was a su-

perceding cause.... Questions of proximate cause should normally be left to the finder of fact.' *Kuisis [v. Baldwin–Lima Hamilton Corp].,* 457 Pa. [321,] 330, 319 A.2d [914,] 920 [ (1974) (plurality opinion).]

*Rogers, supra,* 523 Pa. at 184–185, 565 A.2d at 755.

Significantly, here, the trial court erred in assuming that the negligence theories pleaded against Madeira, La Deira, and KOA were a superceding or supervening cause of injury. The negligence theories advanced against these parties are premised on the failure to take precautions which would have prevented any malfunctions in the appliances from causing an explosion, a concurrent cause rather than a superceding or supervening cause.[3]

■ Finally, on a motion for summary judgment, the trial court's task is to determine whether there are controverted issues of fact, not whether the evidence is sufficient to prove the particular facts. *Iman v. Hausman,* 354 Pa.Super. 458, 512 A.2d 41 (1986). Our supreme court in *Rogers, supra,* recognized that, as long as the plaintiffs present a case in chief to the jury that is free of secondary causes, the resolution of conflicting evidence is for the jury.

Instantly, in granting summary judgment, the trial court determined the expert testimony upon which the plaintiffs rely to be speculative and mere conjecture.

■ While the function of summary judgment procedure is to avoid a useless trial, it cannot be used to provide for trial by affidavit or for trial by deposition. 1 Goodrich–Amran (2d) § 1035.1 at 455. In *Curran v. Philadelphia Newspapers, Inc.,* 497 Pa. 163, 183, 439 A.2d 652, 662 (1981), the Pennsylvania Supreme Court declared "that trial by testimonial affidavit is prohibited 'cannot be emphasized too strongly'."

3. For a general discussion of this concept as basic to the modern analysis of negligence, *see* Mark F. Grady, "Untaken Precautions," 18 J.Leg.Studies 139 (1989).

Moreover, in *Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989), the Pennsylvania Supreme Court stated that:

> In determining the existence or non-existence of a genuine issue of material fact, courts are bound to adhere to the rule of *Nanty–Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932), which holds that a court may not summarily enter a judgment where the evidence depends upon oral testimony.
>
> > " 'However clear and indisputable may be the proof when it depends on oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the courts to award a new trial if they should deem the verdict contrary to the weight of the evidence': *Reel v. Elder*, 62 Pa. 308."

*Penn Center House, Inc. v. Hoffman, supra,* 520 Pa. at 176, 553 A.2d at 903, quoting *Nanty–Glo,* 309 Pa. 236, 238, 163 A. 523, 524 (1932).

Originally, the *Nanty–Glo* rule established that testimonial affidavits of the *moving party* or his witnesses, even if uncontradicted, would not afford a sufficient basis for the entry of a directed verdict, since the credibility of the testimony is still a matter for the jury. 4 Goodrich–Amran (2d) § 1035(b) at 434–35. In *Hoffman*, the court expanded the *Nanty–Glo* rule to preclude the trial court from making such determinations of credibility with regard to any party's oral testimony or testimonial affidavit. The defendant, in *Hoffman*, in order to support its motion for summary judgment as the moving party, submitted the transcript of the plaintiff's deposition testimony and a counter-affidavit of its own manager. The supreme court, citing *Nanty–Glo*, reversed stating that "[a] fair consideration of the pleadings, Hoffman's testimony and the cross-affidavits reveals that there are genuine issues of fact that must be resolved by a hearing on the merits." 520 Pa. at 177, 553 A.2d at 903. Although factually distinguishable, the case herein

supports the same conclusion. The trial court's assessment and weighing of the various experts' testimony during its consideration of motions for summary judgment was inappropriate and premature at this pre-trial proceeding.

■ Since summary judgment may be entered only in a case that is clear and free from doubt, finding that the defendants, Emerson Electric Company and Honeywell, Inc., and the additional defendants, Speed Queen Company and A.O. Smith Company, have not carried their burden to establish that there are no controverted material issues of fact, and that as moving parties they are entitled to judgment as a matter of law, we conclude the trial court erred in entering summary judgment in favor of these defendants and additional defendants.

In as much as the trial court granted summary judgment to all appellees collectively, and on the same basis, without making individualized determinations as to any particular appellee, we reverse as to all appellees collectively. The appropriateness of summary judgment as to any particular defendant or additional defendant must be left to another day.

Accordingly, for the foregoing reasons, the grant of summary judgment in favor of the defendants, Emerson Electric Company and Honeywell, Inc., and the additional defendants, Speed Queen Company and A.O. Smith, entered February 24, 1989, in the Court of Common Pleas of York County is hereby reversed and the matter is remanded for further proceedings.

Reversed and remanded. Jurisdiction relinquished.