GRIMES, J.,
Plaintiffs seek to recover damages allegedly suffered as a result of an indecent assault by Michael Yandura, an on-duty fireman and emergency medical technician, upon the minor plaintiff, Robert Wayne Plavi. Plain *477 tiffs allege that the Nemacolin Volunteer Fire Company was negligent in failing to prevent the incident, which occurred in the fire hall by a member of the fire company. In its motion for summary judgment, the defendant claims that, as a local agency, it is provided statutory immunity. 42 Pa.C.S. §8541.
In both Wilson v. Dravosburg Volunteer Fire Department, 101 Pa. Commw. 284, 516 A.2d 100 (1986), and Merryman v. Farmington Volunteer Fire Department, 132 Pa. Commw. 124, 572 A.2d 46 (1990), volunteer fire departments were found to be local agencies. Court cases have recognized that there are times when a volunteer fire company is not subject to immunity. This arises characteristically when the company is conducting, or its facilities are being used for, activities which are not serving its firefighting purposes.
Plaintiffs cite Guinn v. Alburtis Fire Company, 134 Pa. Commw. 270, 577 A.2d 971 (1990), in arguing that in the present circumstance defendant does not have statutory immunity. However, Guinn is inapplicable. In Guinn, the plaintiff alleged that the fire company served the plaintiff a large quantity of alcohol while the plaintiff was a business invitee. At the time, the fire hall had a special license to serve malt and brewed beverages. It is clear that the fire hall was being used in some way which involved a special LCB license, and beer was being served. Those facts may support a finding that the firefighters were not performing firefighting duties. In the present case, no facts were pled which would remove the statutory immunity afforded defendant. No acts by defendant are alleged which, if proven, would show that defendant was operating in a way distinct from traditional firefighters’ duties. Plaintiffs may have a cause of action against the perpe *478 trator of the incident but the company is immune from action by statute.
ORDER
And now, November 26, 1990, it is ordered that defendant’s motion for summary judgment is granted.