583 A.2d 1264

**Debbie SALAZAR, Individually and on Behalf of Ronald Ryan Salazar, Nichole Dawn Salazar and as Executrix of the Estate of Ronald Salazar, Deceased, Appellants,**

v.

**TAYLOR'S DINING ROOM, INC., a Pennsylvania Corporation, Hartford Heights Volunteer Fire Department, Mark Dawson, Rebecca Rowe, Thomas Dawson and John D. Dawson and Bruce Totin, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 11, 1990.

Decided Dec. 6, 1990.

Reargument Denied Jan. 28, 1991.

528

No appearance for appellants.

Timothy J. Burdette, Anstandig, Levicoff & McDyer, Pittsburgh, for appellees.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Debbie Salazar (appellant) appeals from an order of the Court of Common Pleas of Allegheny County which granted a motion for summary judgment filed by Hartford Heights Volunteer Fire Department, Mark Dawson, Rebecca Rowe, Thomas Dawson and John D. Dawson (the appellees).

On March 30, 1987, appellant instituted a wrongful death and negligence action against the appellees and others. In the complaint, appellant alleged that the death of appellant's husband, Ronald Salazar (Salazar), was a result of appellees' negligent conduct in continuing to serve alcoholic beverages to Salazar when he was visibly intoxicated, which subsequently resulted in Salazar's inability to safely operate a motor vehicle. Salazar's vehicle ultimately crashed, causing his death.

Following discovery, appellees filed a motion for summary judgment. Appellant did not file opposing affidavits, a brief, nor appear at oral argument to oppose the motion for summary judgment. The trial court granted the motion for summary judgment on September 5, 1989, on the basis of the trial court's conclusion that the appellees were immune.

Not addressed by the trial court was another motion for summary judgment filed by the individual appellees based upon a claim that the appellant had failed to state a cause of action against them. On October 4, 1989, appellant filed a notice of appeal from the order granting summary judgment.

On appeal to this Court,[1] appellant raises one issue: whether appellees' action of serving alcoholic beverages is protected by governmental immunity as set forth in 42 Pa.C.S. § 8541. However, before we can address this issue, appellees, in their brief have raised another question, i.e. whether, because appellant did not file any response to the motion for summary judgment in the trial court, all issues have been waived.

We note that under Pa.R.A.P. 302, issues not raised in the trial court are waived and cannot be raised on appeal. *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Appeal of Lawrence Township*, 117 Pa. Commonwealth Ct. 508, 544 A.2d 1070 (1988). However, in all these cases, issues which should have been raised in the trial tribunal were not raised. The issue of immunity was squarely raised and decided by the trial court in this case.

Appellees have cited Pa.R.A.P. 302 for the proposition that, by failing to respond to the motion for summary judgment, the appellant has not preserved any issues for our review. Rule 302(a) states: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." In this case there was no waiver. The appellees sought summary judgment, asserting immunity defenses. The appellees placed the issue of their immunity before the court. The burden was on them to show the absence of any material issue of fact and their clear entitlement to judgment as a matter of law. The court then performed its duty and decided the merits of the appellees'

---

**1.** Although appellant's counsel filed a brief with this Court, and requested oral argument, appellant's counsel failed to appear at the time scheduled for argument. Appellees did argue before the Court.

claim, concluding that they were immune. The appellant's failure to respond to the appellees' motion deprived the court of the opportunity to consider the appellant's arguments against immunity. Nevertheless, the court had an obligation to consider the issue of whether the appellees' claim of immunity was valid in the context of the allegations of the appellant's complaint. In a case where a defendant seeks summary judgment on the basis of a perhaps meritless claim of immunity, the court cannot properly grant the motion simply because the plaintiff failed to oppose it.

Here the appellant's failure to respond was unhelpful, but it was not tantamount to a default by a defendant or a failure to deny material allegations of fact or a failure to raise challenges to jury instructions at the time of trial. Where the trial court has decided the immunity issue on the merits, we do not believe that the appellant waived the right to challenge that ruling in this Court. Nor do we believe that the appellant has waived our review of this case by failure to appear at oral argument. Not all cases in the discretion of the court are orally argued. Appellant has filed the requisite record and brief, which address the issue decided by the trial court.

Our conclusion that there is no waiver is supported by cases in which the Supreme Court and the Superior Court have refused to give effect to local rules that required the dismissal of a case for failure to file a brief in a timely fashion. In *Richland Mall Corp. v. Kasco Construction Co.*, 337 Pa.Superior Ct. 204, 486 A.2d 978 (1984), one appellee filed a motion to dismiss the appeal from a grant of summary judgment, arguing that the appellant's failure to respond properly to the summary judgment motion in the trial court meant that the appellant had waived its right to appeal, pursuant to Pa.R.A.P. 302(a). The appellant had failed to comply with a local rule that required the non-moving party to file a responsive brief or memorandum of law

within ten days of the date of mailing of the moving party's brief or memorandum or suffer, in the judge's discretion, a dismissal.

The Superior Court denied the motion to dismiss the appeal, relying on the Supreme Court's opinion in *Brogan v. Holmes Electric Protective Co.*, 501 Pa. 234, 460 A.2d 1093 (1983). *Brogan* held that local rules of procedure may not conflict with the Pennsylvania Rules of Civil Procedure, and that strict enforcement of a local rule requiring the automatic grant of a motion for summary judgment if the non-moving party failed to file a timely brief conflicted with the requirements of Pa.R.C.P. 126. That rule provides that the rules are to be liberally construed to secure the just, speedy and inexpensive determination of actions, and that courts may disregard procedural defects or errors that do not affect the substantive rights of parties. The court stated that Rule 126 is a statement of the requirement of fairness that must attend judicial proceedings. *Brogan* reversed a trial court's entry of summary judgment under the local rule solely for failure to file a timely brief. Pa.R.C.P. 126 has its counterpart in Pa.R.A.P. 105 and the logic of *Brogan* and its progeny apply to an appellate concept.[2]

We do not mean to condone the conduct of counsel for the appellant in this case. Nevertheless, we believe that the issue of whether the immunity of volunteer fire companies and their employees extends to tavern operations, as opposed to fire fighting activities, was raised in the trial court

**2.** *Accord Troy v. Kampgrounds of America, Inc.*, 41 Pa.Superior Ct. 399, 581 A.2d 665 (1990). In a case arising from an explosion and fire at a campground, the plaintiffs appealed from grants of summary judgment in favor of two of the multiple defendants, and two defendants appealed from grants in favor of two other defendants. The Superior Court rejected an argument that the defendant appellants lacked standing to appeal because they did not file an answer or a brief in opposition to the motion for summary judgment in the trial court, noting that failure to file documents in response to such a motion does not render summary judgment automatic, and that the trial court had received and considered a report from the defendant appellants' expert. *Id.*, 399 Pa.Superior Ct. at 45 n. 2, 581 A.2d at 667 n. 2.

and has been preserved for appeal to this court.[3]

■ It is our belief that a volunteer fire company when it is accused of negligently dispensing alcoholic beverages is not entitled to the immunity of a local agency. The case of *Wilson v. Dravosburg Volunteer Fire Department No. 1,* 101 Pa.Commonwealth Ct. 284, 287, 516 A.2d 100, 102 (1986), stated as follows: "We construe the term 'local agency' to include volunteer fire companies as a government unit entitled to immunity under the 1980 Immunity Act. Volunteer fire companies, *in the performance of public firefighting duties,* exist as an entity acting on the behalf of local government units." (Emphasis supplied.) The case of *Weaver v. Union City Volunteer Fire Department,* 102 Pa.Commonwealth Ct. 298, 518 A.2d 7 (1986), again quotes this language and emphasizes the words "in the performance of public firefighting duties." It is clear that our prior cases on the immunity of volunteer fire companies were much more restrictive than the appellees contend. Also, in the case of *Cleveland Guinn v. Alburtis Fire Company,* 134 Pa.Commonwealth Ct. 270, 577 A.2d 971 (1990), it was alleged that the appellees improperly had served the appellant intoxicants. This Court, although it did not directly decide the immunity question, reversed the trial court, which had sustained preliminary objections, on the ground that the trial court should not have decided on preliminary objections that the fire company was a local agency entitled to immunity. Attention must be called to the provisions of 42 Pa.C.S. § 8522(b)(7) which waives immunity where there is the sale of liquor at Pennsylvania liquor stores by employees of the Pennsylvania Liquor Control Board if such sale is made to a minor, to a person visibly intoxicated or to an insane person, an habitual drunkard or a person of known intemperate habit. Section

**3.** The Dissenting Opinion states that we are now overruling *Department of Public Welfare v. Ward,* 108 Pa.Commonwealth Ct. 572, 530 A.2d 145 (1987). That case involved a failure to file an answer and a failure to address the imposition of counsel fees which should have been addressed in new matter. The failure to respond to a motion for summary judgment, in our view, does not involve the dereliction of duty inveighed against in *Ward.*

497 of the Liquor Code, Act of April 12, 1951, P.L. 90, added by the Act of December 22, 1965, P.L. 1144, 47 P.S. § 4–497, also imposes possible liability upon licensees where sales are made to one who is visibly intoxicated. A local agency is ordinarily not involved in the selling of intoxicants but to include within the definition of "local agency" a volunteer fire company, which is a licensee under the Liquor Code and subject to liability under that code, and then give it immunity under these circumstances when the Commonwealth itself is not immune for the negligent sale of intoxicants is incongruous and not in accordance with the intent of the legislature.

An order has been entered which vacates the judgment of the court of common pleas in this case and remands for further proceedings including the disposition of the individual appellees' motion for summary judgment that a cause of action was not stated against them, which motion was not addressed by the trial court.

## ORDER

NOW, December 6, 1990, the summary judgment of the Court of Common Pleas of Allegheny at G.D. 86–8507, entered September 5, 1989, is vacated and the case is remanded for further proceedings not inconsistent with this opinion, including the disposition of the individual appellees' motion for summary judgment which alleges that a cause of action has not been stated against them.

Jurisdiction relinquished.

PALLADINO, Judge, dissenting.

I respectfully dissent.

The majority considers first whether the question of immunity has been preserved for our review. I believe that the Appellants waived this issue by failing to (1) file an answer and brief below, and (2) *failing to appear for oral argument before the trial court.*

Unlike cases where the motion for summary judgment is granted solely because the opposing party failed to abide by a local rule requiring a response within a given period of time, *Brogan v. Holmes Electric Protection Co.*, 501 Pa. 234, 460 A.2d 1093 (1983); *Zoning Board of Adjustment of the City of Philadelphia v. Willits Woods Associates*, 112 Pa.Commonwealth Ct. 24, 534 A.2d 862 (1987); *Civil Service Commission of the City of Philadelphia v. Farrell*, 99 Pa.Commonwealth Ct. 631, 513 A.2d 1123 (1986); *Richland Mall Corp. v. Kasco Construction Co.*, 337 Pa.Superior Ct. 204, 486 A.2d 978 (1984), the trial court, in the instant matter, proceeded to address the merits of the motion, properly placed the burden of proof upon the moving party, and found that this burden had been met.

Cases cited by the majority, do not support the conclusion that the issue has been preserved for review. The mere fact that an issue is addressed by the trial court, does not mean that the issue is before the appellate court. Issues can be waived. I believe that the rules of civil procedure require the party taking the appeal to preserve the issue for appeal, by, at a minimum, appearing before the trial court to object to the granting of summary judgment. Under the circumstances, in this case, I believe that rule 302 requires that the appeal be quashed.[1]

To conclude otherwise, I believe would emasculate the motion for summary judgment and similar procedural devices, by permitting appeals merely to facilitate arguments, which should have been made before the trial court. By addressing the merits of the appeal, as the Appellant requests, we have sanctioned conduct which will further bur-

---

**1.** This conclusion is not inconsistent with the recent opinions of the superior court in *Moore v. Gates*, 398 Pa.Superior Ct. 211, 580 A.2d 1138 (1990) and *Troy v. Kampgrounds of America, Inc.*, 399 Pa.Superior Ct. 41, 581 A.2d 665 (1990). In both *Moore* and *Troy* the party opposing summary judgment did not file either an answer or counter-affidavits, but did appear to oppose the motion at a hearing. As a result, the issues raised by the motion were preserved for appeal. In the matter now before this court, there was *no* opposition to the motion from the Appellants, hence no preservation of issues.

den the limited appellate resources available to the citizens of this commonwealth.

The en banc decision of this court in *Department of Public Assistance v. Ward*, 108 Pa.Commonwealth Ct. 572, 530 A.2d 145 (1987), prohibits this court from addressing the issue of immunity. In *Ward* DPA appealed from an order striking judgment and awarding counsel fees against DPA, after it had failed to answer the petition to strike off judgment, failed to respond to the request for counsel fees, failed to file a brief in opposition to the petition to strike off judgment, and failed to appear at the hearing on the matter, all at the trial court level. We held as follows:

> To allow [DPA] to benefit from the gross dereliction of their duty to the trial court as well as the disrespect their actions have shown to Appellees by allowing them the opportunity on appeal to address issues not worthy of their response or appearance below, would be inequitable. *Pa.R.A.P. 302(a) bars the resurrection of such issues* when it states: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."

108 Pa.Commonwealth Ct. at 580, 530 A.2d at 149 (emphasis added). The majority opinion in effect overrules *Ward*, an option not available to a panel of this court. Accordingly, I would quash the appeal.

Turning to the second issue, I am convinced that the fire company and its employees are immune from liability, under 42 Pa.C.S. § 8541,[2] and that the facts of this case do not support an action under the exceptions to governmental immunity set forth in 42 Pa.C.S. § 8542.

In *Zern v. Muldoon*, 101 Pa.Commonwealth Ct. 258, 516 A.2d 799 (1986), this court, after examining in depth the legal relationship between volunteer fire companies and local municipalities, concluded that:

**2.** This section provides as follows:

**§ 8541. Governmental immunity generally**

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

[B]ecause of their distinct creation and present relationship to municipalities, [volunteer fire companies] presently enjoy *governmental* immunity.

*Id.*, 101 Pa.Commonwealth Ct. at 271, 516 A.2d at 805 (emphasis in original). The *Zern* court relied heavily upon *Radobersky v. Imperial Volunteer Fire Department*, 368 Pa. 235, 81 A.2d 865 (1951), *overruled on other grounds by Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206 (1971). The language of importance from *Radobersky* is as follows:

[A volunteer fire company] an agency capable of performing a governmental function and as such, was entitled to immunity from liability for torts *committed by its servants while acting in furtherance of the defendant's corporate purpose* to 'engage in the prevention and control and extinguishment of fires....'

*Id.*, 368 Pa. at 239, 81 A.2d at 867 (emphasis added). As this court said in *Guinn v. Alburtis Fire Company*, 134 Pa.Commonwealth Ct. 270, 273–274, 577 A.2d 971, 973–74 (1990):

Analogizing governmental immunity to employer immunity, this Court has determined that activities such as fundraisers and educational fire-fighting demonstrations are traditional functions of a volunteer fire company, providing immunity from suit for purposes of The Pennsylvania Workmen's Compensation Act. *Temple v. Milmont Fire Co.*, 106 Pa.Commonwealth Ct. 120, 525 A.2d 848 (1987). However, although *mere serving of alcohol does not render Alburtis' actions outside the scope of its duties*, in the context of this tort claim, the facts Guinn pled, if proved, may establish that Alburtis was not within the scope of its duties. (Emphasis added.)

This court reversed the trial court's sustaining of preliminary objections in *Guinn*, not because immunity did not apply, but because it was not clear from the pleadings that the fire company was acting outside the scope of its corporate duties. In the matter now before this court, there is no such factual question: this was a fund raising activity of the fire company, and as such was a function providing

immunity from suit, unless that immunity was statutorily waived.

The majority mistakenly cites to 42 Pa.C.S. § 8522(b)(7) [3] to support its conclusion that because the commonwealth has chosen to waive immunity for itself for the sale of liquor, that it is contrary to legislative intent to not waive such immunity for volunteer fire companies. However, it must be remembered that the constitution of this commonwealth has placed into the hands of the legislature the right to make such policy decisions, and it is not the function of the judicial branch to legislate. Construing the waivers of immunity strictly, as we must, *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), no similar waiver is applicable to local agencies. Accordingly, the fire company is immune from suit, when the serving of alcohol is part of a fundraising activity.

The absurdity of the result reached by the majority is exemplified in the following corollary: immunity is available when the local agency is spending money, but is not available when the local agency is collecting the money which it will spend. No such distinction has been made by the legislature, nor have we made such a distinction in the past; we should not make such a distinction in the matter now before us.

In conclusion, I believe that this appeal should be quashed, or in the alternative, the trial court affirmed.

3. This section reads as follows:

§ 8522. Exceptions to sovereign immunity

. . . .

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(7) Liquor store sales.—The sale of liquor at Pennsylvania liquor stores by employees of the Pennsylvania Liquor Control Board created by and operating under the act of April 12, 1951 (P.L. 90, No. 21) known as the "Liquor Code" if such sale is made to any minor, or to any person visibly intoxicated, or to any insane person, or to any person known as an habitual drunkard, or of known intemperate habit. (Footnote omitted.)