## Stough v. East Prospect Fire Co.

*James D. Greenberg,* for plaintiff.
*Kenneth A. Rapp,* for defendant.

DORNEY, *J.,* March 18, 1992—Before this court is a motion for summary judgment filed by defendant, East Prospect Fire Company. The record discloses the following facts:

In October 1990, the East Prospect Fire Company (hereinafter EPFC) conducted its annual fundraising event, a haunted Halloween trail. EPFC held the event on adjoining property owned by a member of the EPFC.

On October 27, 1990, Joyce E. Stough and her family attended the fundraiser. As Stough was entering a temporary shack erected on the trail, she tripped on a stud at the bottom of the doorway. Stough was taken to York Memorial Hospital and released. Stough subsequently sought medical treatment from her family physician and an orthopedic physician.

Stough initiated this action by complaint against EPFC on September 3, 1991. In her complaint, Stough

alleges that her accident and injuries resulted from EPFC's negligent construction of the shack, failure to warn of a dangerous condition, failure to take corrective measures of a known dangerous condition, and failure to keep the premises in a reasonably safe condition.

EPFC filed an answer with new matter, raising inter alia, the defense of governmental immunity. EPFC contends that it is a local agency immune from suit pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541. On the other hand, Stough argues that the immunity statute does not extend to volunteer fire companies for activities outside the realm of fire fighting activities.

A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Mariscotti v. Tinari*, 335 Pa. Super. 599, 485 A.2d 56 (1984). If the legal effect of the facts is the only issue at trial, summary judgment can be granted.

The Political Subdivision Tort Claims Act was a legislative response to the proliferation of liability claims against governmental units after the Pennsylvania Supreme Court abrogated the common law doctrine of governmental immunity in *Avala v. City of Philadelphia*, 453 Pa. 584, 305 A.2d 877 (1973). Under the Act, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or any of its employees. 42 Pa.C.S. §8541.

Volunteer fire companies in the performance of public fire fighting duties exist as entities acting on behalf of local governmental units and are entitled to immunity from private causes of action. *Wilson v. Dravosburg Volunteer Fire Dept.,* 101 Pa. Commw. 298, 518 A.2d 7 (1986). Likewise, courts have found for purposes of workers' compensation that the holding of fundraising activities is a traditional and common function of a volunteer fire company. *Borough of Wilmore v. New,* 54 Pa. Commw. 145, 419 A.2d 1383 (1980).

The initial issue raised is whether a fire company conducting a traditional fundraising activity, such as a haunted Halloween trail, is performing a public fire fighting duty entitled to immunity from private causes of action. Stough cites to the case of *Salazar v. Taylor's Dining Room Inc.,* 136 Pa. Commw. 527, 583 A.2d 1264 (1990), *allocatur granted,* 596 A.2d 161 (1991), in support of the argument that EPFC is not immune from liability.

In *Salazar,* the Commonwealth Court considered whether a volunteer fire company was acting in the performance of public fire fighting duties when negligently dispensing alcoholic beverages under a liquor license. The court concluded that the fire company was not performing a fire fighting duty and, thus, not entitled to immunity.

The *Wilson, Weaver,* and *Salazar* cases lead us to believe that the legislature intended the Governmental Immunity Act to apply to volunteer fire companies when acting in furtherance of their governmental functions and duties, i.e., fire prevention, control and extinguishment. We recognize that fundraising activities are an

important part of volunteer fire companies and often the proceeds are used for the operation of the fire company and for the purchase of emergency equipment. Nevertheless, fundraising is not unique to governmental duties. Therefore, we refuse to extend the scope of the Governmental Immunity Act to include fundraisers conducted by volunteer fire companies.

Accordingly, we shall enter the following order.

### ORDER

And now, March 18, 1992, the motion for summary judgment filed by the East Prospect Fire Company is herein denied for the aforementioned reasons.

The prothonotary is directed to provide notice of the entry of this opinion and order to the parties as required by law.