635 A.2d 244

**Robert M. WEINHOLD, Appellant,**

v.

**BRECKNOCK TOWNSHIP ZONING HEARING BOARD.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 3, 1993.

Decided Dec. 13, 1993.

David S. Sobotka, for appellant.
Josele Cleary, for appellee.

Before COLINS, and PELLEGRINI, JJ., and KELTON, Senior Judge.

COLINS, Judge.

Robert M. Weinhold (Weinhold), owner of an approximately six-acre tract of land (property) situate in Brecknock Township (Township), Lancaster County, appeals from the March 23, 1993 order (Order) of the Court of Common Pleas of Lancaster County (Common Pleas) dismissing his appeal from the September 15, 1992 decision of the Township of Brecknock Zoning Hearing Board (Board).

On May 29, 1992, a Township zoning officer issued to Weinhold and his tenant, M & M Garage, Inc. (Tenant), a notice of violation of zoning ordinance (violation notice) and a cease and desist order for the property, requiring that Weinhold and his Tenant stop operating: a junk or salvage yard (junkyard); a motor vehicle repair operation (garage); and an apartment house situate in the same structure as the garage. The violation notice also cited Weinhold's unlawful installation of various signs without having first obtained required sign permits.

Weinhold appealed the violation notice. After a hearing on August 10, 1992, the Board, by decision dated September 15, 1992, affirmed the violation notice except as it prohibited two mobile homes for which Weinhold had obtained sewage permits. On October 15, 1992, Weinhold appealed the Board's decision to Common Pleas, in which appeal the Township intervened.

The record indicates that on February 23, 1993, the Township listed the case for oral argument (in the Argument Watch Book) pursuant to Rule No. 34 of Common Pleas' Rules of Court, (Lancaster County Rules). On March 23, 1993, the Township filed a motion to dismiss Weinhold's appeal, alleging that he had failed to file a supporting brief and serve a copy thereof on the Township within 30 days of the opening of "argument court," in contravention of Rule No. 35.A. of the

Lancaster County Rules (Rule 35.A.).[1] By order dated March 23, 1993, Common Pleas granted the Township's motion, and it is from this order that Weinhold now appeals.

■  In reviewing this matter, we are aware that "[t]he application, construction, and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule, and an appellate court will only interfere where the court commits an abuse of discretion." *Stegmaier Gold Medal Beer v. Workmen's Compensation Appeal Board (Tuminski)*, 119 Pa.Commonwealth Ct. 41, 45, 546 A.2d 741, 743 (1988). In *Lynch Community Homes, Inc. Appeal*, 105 Pa.Commonwealth Ct. 29, 37 n. 4, 522 A.2d 716, 719 n. 4 (1987), this Court defined an abuse of discretion as "not merely an error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record, discretion is abused."

■  Weinhold argues that Common Pleas abused its discretion in peremptorily dismissing his appeal for noncompliance with Rule 35.A. He argues that Common Pleas should have given him an opportunity to explain the reason he failed to serve an appeal brief on the Township within 30 days of the opening of Argument Court as required. Weinhold further contends that, by the time of his appeal to Common Pleas, he had relieved his original attorney of representing him and that, as a lay person, he did not understand the urgency of immediately retaining new counsel. In this regard, Weinhold maintains that litigants acting *pro se* must not be held to as high a degree of care as a "trained member of the Pennsylva-

1. Rule No. 35.A. of the Lancaster County Rules, provides, in pertinent part:
    A.  REQUIREMENT OF BRIEFS. Thirty days (30) before the opening of Argument Court, counsel for the moving party in the argument shall serve a copy of his brief on all opposing counsel. . . . If the moving party fails to serve and file its brief within the time prescribed by this rule, the opposing party may move for dismissal of the matter. If the opposing party fails to file its brief within the time prescribed, the opposing party will not be heard at oral argument. . . .

nia Bar." *Township of South Fayette v. Grady,* 145 Pa.Commonwealth Ct. 129, 132, 602 A.2d 482, 483 (1992).

Additionally, Weinhold challenges the intrinsic inequity of Rule 35.A. in allowing a responding party to move for dismissal of an action if a moving party fails to file and serve its brief within the prescribed 30-day time period, while only precluding from oral argument a responding party who fails to timely file its brief. Underlying all of Weinhold's arguments is his contention that Common Pleas' dismissal of his appeal violates Pa.R.C.P. No. 126, which provides:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

In addition to the foregoing rule, we note the relevance to the present matter of Pa.R.C.P. No. 239(f), which provides:

> No civil action or proceeding shall be dismissed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901.

Rule 1901 of the Pennsylvania Rules of Judicial Administration, Pa.R.J.A. No. 1901, provides, in pertinent part:

> **RULE 1901. Prompt disposition of matters; termination of inactive cases.**
>
> (a) *General Policy.*—It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.
>
> . . . .
>
> (c) *Minimum Standards.*—Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination. . . .

■ This case does not fall within the category of "unreasonable inactivity" and hence its dismissal by Common Pleas cannot arguably be justified on the basis of Rule of Judicial Administration 1901. At the same time, Rule 35.A. is not per se invalid, since it sets forth *discretionary* rather than *mandatory* sanctions, including dismissal of an action, for a moving party's failure to file a timely brief. *See City of Philadelphia v. Tasker*, 119 Pa.Commonwealth Ct. 519, 547 A.2d 1261 (1988), *petitions for allowance of appeal denied*, 522 Pa. 592, 561 A.2d 744, 524 Pa. 637, 574 A.2d 76 (1989). However, we do find merit in Weinhold's challenge to the glaring disparity between the Rule 35.A. sanctions imposed upon a moving party's failure versus those imposed upon an opposing party's failure (preclusion from argument but not dismissal). A similar issue arose in *Salazar v. Taylor's Dining Room, Inc.*, 136 Pa.Commonwealth Ct. 527, 583 A.2d 1264 (1990), *reversed on other grounds*, 533 Pa. 309, 622 A.2d 283 (1993), wherein this Court stated:

Our conclusion that there is no waiver is supported by cases in which the Supreme Court and the Superior Court have refused to give effect to local rules that required the dismissal of a case for failure to file a brief in a timely fashion. In Richland Mall Corp. v. Kasco Construction Co., 337 Pa.Superior Ct. 204, 486 A.2d 978 (1984), ... [t]he appellant had failed to comply with a local rule that required the non-moving party to file a responsive brief or memorandum of law within ten days of the date of mailing of the moving party's brief or memorandum or suffer, in the judge's discretion, a dismissal.

The Superior Court denied the motion to dismiss the appeal, relying on the Supreme Court's opinion in Brogan v. Holmes Electric Protective Co., 501 Pa. 234, 460 A.2d 1093 (1983). Brogan held that local rules of procedure may not conflict with the Pennsylvania Rules of Civil Procedure, and that strict enforcement of a local rule requiring the automatic grant of a motion for summary judgment if the non-moving party failed to file a timely brief conflicted with the requirements of Pa.R.C.P. 126. That rule provides that the

rules are to be liberally construed to secure the just, speedy and inexpensive determination of actions. . . . The court stated that Rule 126 is a statement of the requirement of fairness that must attend judicial proceedings. Brogan reversed a trial court's entry of summary judgment under the local rule solely for failure to file a timely brief. Pa. R.C.P. 126 has its counterpart in Pa.R.A.P. 105 and the logic of Brogan and its progeny apply to an appellate concept.

·Salazar, 136 Pa.Commonwealth Ct. at 530–31, 583 A.2d at 1266 (footnote omitted).

The Salazar rationale applies to the present case, in that Common Pleas' strict adherence to Rule 35.A. conflicts with the legislative intent of Pa.R.C.P. No. 126. Further, we find that Common Pleas abused its discretion in granting the Township's motion to dismiss Weinhold's appeal on the very day the motion was presented, without first giving Weinhold notice of the proposed dismissal. In this regard, we note that in Murphy v. Armstrong, 424 Pa.Superior Ct. 424, 432, 622 A.2d 992, 996–97 (1993), our Superior Court addressed this same issue and stated:

Although Brogan held that a court must exercise its discretion in determining whether to dismiss an action for the party's failure to comply with a local rule requiring the filing of a brief, the Supreme Court's more recent pronouncement, in the form of Rule 239(f), which became effective less than two months after the Brogan decision, strictly prohibits the dismissal of cases for noncompliance with local rules. This stricter, later Supreme Court action prevails. Pursuant to Rule 239(f), as opposed to Brogan, a local rule may not provide for dismissal (except for dismissal of inactive cases), even if dismissal is said to 'be discretionary as opposed to automatic. (Footnotes omitted.)

Precedent dictates that, at a minimum, Weinhold should have been given notification of Common Pleas' intended dismissal of his appeal and an opportunity to respond and explain the reasons for failing to timely file his brief, the merits of which Common Pleas could either accept or reject in a well-reasoned opinion.

Accordingly, we vacate the Common Pleas decision and remand for further proceedings consistent with this opinion.

## *ORDER*

AND NOW, this 13th day of December, 1993, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is vacated, and this matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.