580 A.2d 1138

**Larry R. MOORE, and Donna L. Moore, Administrators of the Estate of Douglas R. Moore, Deceased, Appellants,**

v.

**Joy L. GATES, Appellee.**

Superior Court of Pennsylvania.

Argued April 25, 1990.

Filed Oct. 3, 1990.

212

James N. Bryant, Millheim, for appellants.

John W. Blasko, State College, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, OLSZEWSKI, DEL SOLE, TAMILIA, JOHNSON and HUDOCK, JJ.

WIEAND, Judge:

The present appeal requires that we review the steps required by statute to effect a binding settlement of wrongful death and survival claims asserted by the administrator of a minor decedent's estate.

Douglas Moore, age 15, was killed when, on June 18, 1986, the vehicle in which he was riding as a passenger went out of control and crashed. He was survived by his parents, Larry and Donna Moore, and by an adult brother. Shortly after the accident an adjustor from Nationwide Mutual Insurance Company, the liability carrier for Joy Gates, the vehicle's driver, arrived at the Moore home to discuss settlement. It appears that eventually the parents of the decedent agreed verbally to accept one hundred thousand ($100,000.00) dollars in settlement of their wrongful death and survival claims. There was no agreement, however, regarding the manner in which the proceeds were to be apportioned between survival and wrongful death actions. The adjustor directed appellants to an attorney employed by the insurance company, and it was he who suggested that ninety thousand ($90,000.00) dollars of the

total proceeds be distributed in the wrongful death action and only ten thousand ($10,000.00) dollars to the decedent's estate in settlement of the survival action. A petition for approval of the settlement and distribution of the proceeds, addressed to the orphans' court, was prepared in accordance with this proposed distribution by counsel. However, the petition was not signed by appellants, and it was never presented to the orphans' court. Instead, the appellant-parents took out letters of administration in the estate of their deceased son and filed wrongful death and survival actions against the operator of the offending vehicle.[1] After a hearing on cross-motions for summary judgment, the trial court held that the parents' wrongful death and survival actions were barred by their verbal agreement to settle and entered judgment in favor of the defendant. The decedent's parents appealed.

The procedure pertaining to motions for summary judgment is contained in Pa.R.C.P. 1035. "The motion for summary judgment is not a 'pleading' within the definition of Rule 1017...." 2 Goodrich–Amram 2d, § 1035(a):4. An adverse party need not file a formal response to a motion for summary judgment. 2 Goodrich–Amram 2d, § 1035(b):1. See also: *Ritmanich v. Jonnel Enterprises, Inc.*, 219 Pa.Super. 198, 280 A.2d 570 (1971). "Rule 1035 contains no provisions for any action by the adverse party except the filing of affidavits in opposition if he wishes." 2 Goodrich–Amram 2d, § 1035(b):1. Neither the failure to file an answer to a motion for summary judgment nor the failure to file an affidavit in response thereto constitutes a waiver of issues necessary to decide the motion for summary judgment.[2]

The need for court approval of the settlement in this case is at the heart of the dispute. It is an issue which was

1. Arva and Dorothy Gates, the parents of Joy Gates and the owners of the vehicle, were also named as defendants, but they were later removed as defendants pursuant to stipulation by the parties and are no longer parties to the action.

2. The failure to file countervailing affidavits, however, may constitute an admission of facts under the practice set forth in Pa.R.C.P. 1035(d).

argued before the trial court and which has been fully preserved for appellate review.

In *Pantazis v. Fidelity & Deposit Co. of Maryland,* 369 Pa. 221, 85 A.2d 421 (1952), the plaintiff, individually and as administratrix of her deceased husband's estate, brought an action alleging wrongful death and survival claims for damages arising from the death of her husband in an automobile accident. At trial, the court dismissed the wrongful death action because the wife, for a valuable consideration, had executed a release in favor of the tort-feasor. The survival action was allowed to go to the jury and resulted in a verdict in favor of the decedent's estate. Judgment was entered on the verdict, but when the administratrix sought to enforce the judgment the defendant argued that, since the wife was the sole heir, her release had the effect of releasing not only her individual claim for the wrongful death of her husband but also any interest which she had in the damages awarded to her husband's estate in the survival action. Although the Court noted that the doctrine of res judicata rendered the defense spurious, the Court said the following about the substantive law.

All that plaintiff released was her claim as an individual in the death action. As administratrix of her husband's estate, she lacked authority, as fiduciary, to release her deceased husband's estate. To do so required leave of the orphans' court, upon proper cause shown. Furthermore, she could not effectively stipulate, as fiduciary in her husband's estate, that there were no debts or taxes due. Only an audit and adjudication could determine that. Nor can plaintiff's release in the death action of her individual rights be regarded in the survival action as a release and assignment of her distributive share under the intestate laws in her deceased husband's estate. What the plaintiff receives in distribution in settlement of her husband's estate is what the law directs shall be paid to her as her distributive share. (emphasis in original).

*Id.,* 369 Pa. at 226, 85 A.2d at 424.

The *Pantazis* decision was viewed as a judicious statement of policy necessary to protect the interests of the

Commonwealth, possible creditors, and other parties interested in the decedent's estate. It was procedurally troubling, however, because it required approval of the settlement of a pending action by the orphans' court rather than by the common pleas court in which the action was pending. See, e.g.: Pa.Bar Assoc. Quarterly, October, 1952, at 16, cited in *Trigg Estate,* 86 Pa.D. & C. 76, 77 (1953); Fiduciary Review, September, 1953. Because of this perceived procedural shortcoming, the legislature enacted the Act of July 28, 1953, No. 198, §§ 1–3, 20 P.S. §§ 1151–1153, which provided that any Court in which an action was pending could approve the proposed compromise and settlement of a survival action. In adopting this provision in 1953, the legislature specifically rejected a recommendation that a personal representative be permitted to compromise or settle a survival action without prior court approval. See: Fiduciary Review, *supra* at 4, citing Legal Intelligencer, June 9, 1953.

The 1953 statute was substantially reenacted as Section 3323 of the Probate, Estates and Fiduciaries Code, Act of June 30, 1972, P.L. 508, No. 164, 20 Pa.C.S. § 3323. This section provides in pertinent part as follows:

§ 3323. Compromise of controversies

(a) In general.—Whenever it shall be proposed to compromise or settle any claim, whether in suit or not, by or against an estate, or to compromise or settle any question or dispute concerning the validity or construction of any governing instrument, or the distribution of all or any part of any estate, or any other controversy affecting any estate, the court, on petition by the personal representative or by any party in interest setting forth all the facts and circumstances, and after such notice as the court shall direct, aided if necessary by the report of a master, may enter a decree authorizing the compromise or settlement to be made.

(b) Pending court action.—

(1) Court order. Whenever it is desired to compromise or settle an action in which damages are sought to be

recovered on behalf of an estate, any court or division thereof in which such action is pending and which has jurisdiction thereof may, upon oral motion by plaintiff's counsel of record in such action, or upon petition by the personal representative of such decedent, make an order approving such compromise or settlement. Such order may approve an agreement for the payment of counsel fees and other proper expenses incident to such action.

The necessity for court approval of a survival action is not determined by the amount of the settlement. Section 3323 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 3323, provides for court approval "[w]henever it shall be proposed to compromise or settle *any* claim ... by or against an estate." The requirement for court approval of survival actions is intended to protect the estate, as well as the creditors and beneficiaries thereof. Thus, a court may refuse to approve a settlement of a survival action which is inadequate. Court approval was particularly necessary here, where it was proposed to apportion a total settlement so that the major part thereof would be paid to the heirs of the decedent in settlement of the wrongful death action and only a small portion of the settlement would be paid to the decedent's estate in settlement of the survival action.

The law is clear. Where the only heirs entitled to recover for the wrongful death of a decedent are competent adults, they may settle their claims without court approval. This is not altered because the decedent was a juvenile at the time of his or her death. Before a survival claim can be settled on behalf of a decedent's estate, however, such a settlement must be judicially approved. Where there is no action pending, the statute requires that the settlement be approved by the Orphans' Court having jurisdiction of the decedent's estate. Where a survival action is pending, however, a settlement thereof may be approved by the court in which it is pending; and it is then unnecessary to obtain approval from the orphans' court which has jurisdic-

tion of the decedent's estate. This is the view which has been consistently followed by the trial courts in this Commonwealth. See, e.g.: *Brooks v. Philadelphia*, 63 Pa.D. & C.2d 249 (1973); *Wexler v. Philadelphia Transportation Co.*, 3 Pa.D. & C.2d 122 (1955). See also: *Olson Estate*, 25 Pa.D. & C.2d 622 (1961); Annotation, Power and Responsibility of Executor or Administrator to Compromise Claim Due Estate, 72 A.L.R.2d 191, 215, 296.[3] It follows that where wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court having jurisdiction.

In the instant case, there never was a full and complete agreement resolving all details of the proposed compromise, including the amounts to be distributed in settlement of the wrongful death and survival actions. Moreover, the settlement of the survival action and the apportionment of the proceeds between wrongful death and survival claims had not been approved by a court of competent jurisdiction. The record is clear that no court ever undertook to determine the reasonableness of the terms of settlement proposed by the insurance company or its attorney. When the defendant-appellees raised in their answer the issue of the prior, oral agreement to settle plaintiffs' claim and thereafter moved for summary judgment in the wrongful death and survival actions, the only issue before the trial court was whether the action was barred by a prior, binding settlement. Such a settlement, however, did not exist.

The trial court applied general principles of contract law and determined that both actions had been settled for the sum of one hundred thousand ($100,000.00) dollars. This was error. Not only had there not been a final agreement regarding the apportionment of the proceeds, but there had never been court approval of the portion thereof to be paid in settlement of the survival action. In the absence of court approval, there could be no final settlement. Because their

3. A decision in *Albright v. R.J. Reynolds Tobacco Co.*, 350 F.Supp. 341 (W.D.Pa.1972), *aff'd*, 485 F.2d 678 (1973), which interpreted state law to the contrary, is not binding authority.

claims are not barred by settlement and release, appellants are entitled to pursue their wrongful death and survival actions in the trial court.[4]

Reversed and remanded for further proceedings consistent with the foregoing opinion. Jurisdiction is not retained.

JOHNSON, J., concurs in the result.

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting:

Appellants' son, Douglas Moore, age 15, was killed in an automobile accident on June 18, 1986 while a passenger in a vehicle driven by 17 year old Joy Gates. Gates, driving at an excessive rate of speed, ran a stop sign and lost control of the car which turned over, pinning Douglas underneath. Nationwide Mutual Insurance Company, Gates' insurer, sent Robert Swingle, an adjustor, to the Moore's home approximately one week after the accident. Swingle gave them his card and said whenever they were ready to talk to him he wanted to discuss the accident. After several phone calls to the Moores, he finally did meet with them and obtained background information on Douglas to submit a report to the Harrisburg office. Swingle requested permission to offer appellants $150,000 to settle the case but received authorization for $100,000 which he offered to the Moores as settlement.[1] Eventually Mr. Moore agreed to the offer and Swingle told them they had to settle the paperwork and become court-appointed administrators before he could issue them a check. Swingle sent the Moores to the attorney Nationwide was utilizing where they picked up the papers, which they never signed. Later, the Moores refused to accept the $100,000 settlement and on March 12, 1987, they filed an action for wrongful death and survival claims.

4. Although the author of the Dissenting Opinion advocates that the survival action alone be remanded for trial, the record does not reveal that the parties ever agreed to settle the wrongful death action independently of the survival action.

1. The policy limit was $250,000.

The majority acknowledges parents agree to settlement of $100,000, and there is no evidence to dispute the apportionment between the wrongful death ($90,000) and the survival action of $10,000. According to the record, there is a sufficient basis to find, as did the trial judge, that a settlement in the amount of $100,000 had been reached. While the majority maintains the appellants took out letters of administration and were appointed administrators of the estate of their decedent son, the only place on the record this assertion is made is in their complaint. It is unsupported by a date of appointment or any other verification and was in fact denied by appellees in their answer as a conclusion of law and as such remains to be proven.

In their answer to the plaintiff's complaint, appellees preserved the defense of settlement and on December 2, 1987, filed a motion for summary judgment based on that claim. While failing to answer appellees' motion, on December 19, 1987, appellants filed their own motion for summary judgment. While appellees claim waiver for failure to answer their motion for summary judgment, this issue is not material to a proper resolution of this case. On January 20, 1988, defendant/appellees' motion for summary judgment was *denied* as after review of the record including deposition to that point, the trial judge still had doubts concerning the reluctance of the Moores to settle the case prior to litigation. At that time the court said, "In any event, a case is ripe for summary judgment only when it is free from all doubt. This is not such a case." Slip Op., Brown, J., 1/20/88, p. 3.

It was only after numerous additional depositions that a hearing was held May 2, 1988 on the cross-motions for summary judgment. Following the hearing during which the court attempted to clarify the issues and arguments of the parties, the court on May 9, 1988 filed its Opinion and Order granting defendant/appellee's motion for summary judgment and denying that of plaintiff/appellant. This appeal followed.

Appellants now claim they did not regard the settlement as final until the papers were signed and they received their check. They raise three issues on appeal: 1) whether the court erred in enforcing an uncounseled, oral agreement to settle a claim for the death of a minor; 2) whether they had authority to settle and if court approval was necessary; and 3) whether Swingle made a material misrepresentation to them which would set aside the agreement.

In light of the appellants' position and the apparent belief by both parties that settling such an action requires court approval and appointment of an administrator, my careful review of statutory and case law leads me to the conclusion that Orphans' Court approval of minors' claims is necessary only when the minor survives in a negligence case or is the beneficiary of a trust or inheritance case or when a survival claim is in issue. Where, as here, the minor is deceased, the parents may settle without court approval on the wrongful death action, since this is not an estate's cause of action, and as to the survival action with approval by the court wherein the claim is presented, without letters of administration, since it is an estate with a value of $10,000 or less.[2] Where he is deceased, the statutes and cases cited by appellant do not apply as to the wrongful death claim, and under the facts of this case, the effect of the settlement as to the $10,000 survival amount must be construed in light of the applicable law.

2. The majority cites *Pantazis v. Fidelity & Deposit Co. of Maryland,* 369 Pa. 221, 85 A.2d 421 (1952), as depositive of the issue that the parents could not settle the survival action without court approval. It goes on to discuss the difficulty with the holding of *Pantazis* which resulted in legislative change permitting the court in which the survival action was pending to be capable of approving such settlements. The majority, however, stops short at the point whereby additional legislation was adopted to permit settlement of actions without letters of administration and appointment of guardians (personal representatives) where the estate is valued at less than $10,000 as is the case here. The majority's lightly construed and limited interpretation of sections 3323 and 5101 does a disservice to the legislative intent and reverses the intended relaxation of the prior procedures in order to move relatively minor survival and estate actions through the overburdened judicial system.

When no suit is pending, judicial authority is required to compromise the minors' survival claims but under the facts of this case, approval of the compromise may be had in the division of the court in which the action is pending, by the personal representative. Compromise of controversies, 20 Pa.C.S. § 3323, provides:

(a) In general.—Whenever it shall be proposed to compromise or settle any claim, whether in suit or not, by or against an estate, or to compromise or settle any question or dispute concerning the validity or construction of any governing instrument, or the distribution of all or any part of any estate, or any other controversy affecting any estate, the court, on petition by the personal representative or by any party in interest setting forth all the facts and circumstances, and after such notice as the court shall direct, aided if necessary by the report of a master, may enter a decree authorizing the compromise or settlement to be made.

The question remains whether the parents could act as personal representatives, without obtaining letters of administration through the Orphans' Court. It is clear that the wrongful death action may be settled by the parents without court approval or obtaining letters of administration to be appointed personal representatives. Clearly, however, survival claims are governed by section 3323(a), *supra, except* where the amount is $10,000 or less. The facts of this case bring the $10,000 settlement of the survivor's estate clearly within the meaning of 20 Pa.C.S. §§ 5101 and 5144. Section 5101, When guardian unnecessary, states:

When the entire real and personal estate, wherever located of a resident or nonresident minor has a net value of $10,000 or less, all or any part of it may be received and held or disposed of by the minor, or by the parent or other person maintaining the minor, without the appointment of a guardian or the entry of security, in any of the following circumstances:

(1) Award from decedent's estate or trust. When the court having jurisdiction of a decedent's estate or of a trust in awarding the interest of the minor shall so direct.

. . . .

(3) Other circumstances. In all other circumstances, when the court which would have had jurisdiction to appoint a guardian of the estate of the minor shall so direct.

20 Pa.C.S. § 5144 Powers, duties and liabilities identical with personal representatives, permits a guardian to engage in:

. . . .

(10) Compromise of controversies, as in section 3323 (relating to compromise of controversies).

The trial court which obtained jurisdiction of this case by reason of the wrongful death and survival actions filed by the parents had jurisdiction to enter a decree, without the appointment of a guardian, if the survival claim was $10,000 or less. Pursuant to appellee's motion for summary judgment and after depositions were taken the trial court concluded the wrongful death claim was settled for $90,000, and the survival claim for $10,000. The court could enter a decree and approve a settlement for both, without letters of administration having been issued as detailed above. In granting summary judgment, after taking depositions, the court in effect approved the settlement of both the wrongful death and survival actions. As to the wrongful death action, court approval was not required. The requirements of sections 3323(a), 5101 and 5144 as to the survival action require prior court approval which, as discussed below, are not met by the proceedings in this case.

Corollary to this issue is whether the Moores could bring an action without first obtaining letters of administration. Appellants allege in their brief they had not been appointed administrators at the time settlement was reached and the record is devoid of any evidence that such letters were

obtained at that time, therefore, they allege this action would fail on that basis. The executor or administrator of an estate is the only one entitled to bring an action on behalf of a decedent. *Harvey v. Hassinger*, 315 Pa.Super. 97, 461 A.2d 814 (1983). This places appellants in the awkward position that if we would find the agreement was void *and* no right of action was maintainable, they would be out of court and since the statute of limitations has run as of June 1988, there is no further remedy. However, as discussed above, this estate could properly be *settled* without obtaining letters of administration.

As to the second issue, the court found the Moores had settled with Nationwide and entered summary judgment in favor of appellee. There is no basis for us to substitute our judgment for that of the trial judge in determining whether a binding agreement was entered. Where a trial court has entered summary judgment, our function is to determine whether any issues of triable fact exist. *Eckenrod v. GAF Corporation*, 375 Pa.Super. 187, 544 A.2d 50 (1988). The trial court determined a settlement was reached and based upon this determination, summary judgment was appropriate. The only question remaining is whether the agreement is binding on the parents in both the wrongful death action and the survival action. As discussed above, the parents were capable of settling the wrongful death action without obtaining letters of administration and without court approval. This part of the settlement, amounting to $90,000, is clearly unassailable. If this is so, the agreement as to the $10,000 survival action is also binding if it obtained prior court approval. When the complaint was filed, raising the issue as to whether or not the agreement was binding, it subjected the agreement to court review and called into play judicial discretion in approving or rejecting the agreement. Since the appellants had the right to enter into the agreement, as to the wrongful death action without court approval, I would not disturb the summary judgment as to the wrongful death action. *See Pantazis, supra.* I would, however, view the alleged settlement of the survival action

from a different perspective and through a different lense. As stated above, the court in which a survival action is pending may approve settlement of that action and letters of administration are not required where the parents are the claimants and the amount is less than $10,000. However, it is also a prerequisite to such a settlement that the court grant *prior* approval to the settlement. In light of the fact that prospective rather than prior approval resulted under the posture of this case, I would find that as to the survival action the summary judgment must be vacated and the case remanded for trial on the factual issues involving the survival action. Despite hearings and depositions on the effect of the settlement, these do not substitute for the required prior approval.

I also find no merit in the third issue, material misrepresentation as to the amount of money available to settle. Mr. Swingle was not obligated to inform appellants of the total amount available under the policy. The record does not indicate appellants sought this information, nor does it support appellants' contention that Swingle led them to believe $100,000 was the policy limit. He stated during his deposition he offered the "full $100,000" to appellants but that was in reference to his *authorized* amount, not the policy total. (*See* N.T. 4/5/88, p. 22.) Since there were no discovery proceedings in which disclosure might have been required, appellees cannot be charged with fraud for failing to volunteer the information. Under these circumstances, it cannot be said that appellant was able to establish, to the degree of certainty required, that fraud was in fact intended or committed.

Finally, I believe it appropriate to comment on the general circumstances of this case and the deficiency that exists in the law and rules as to settlement of claims for damages as to deceased minors. Our research convinces us the laws, rules and procedures established regarding the estates and settlements of actions relating to surviving minors assures monitoring by the court of settlement and protection of the minor's estate once a fund is created. Such is not the case

in regard to deceased minors, despite the fact there are frequently circumstances wherein special damages have been incurred which are not given adequate consideration, or the beneficiaries themselves are not protected. The anomaly occurs in that settlements by the parents may be entered into on behalf of the deceased child, as here, which may be uncounseled, failing to take into account the medical and other expenses incurred as a percentage of the total loss, thus seriously reducing reasonable compensation for wrongful death to the parents, and without full knowledge of the policy limits which may be applicable. Only when the parents decide to pursue the case in court is there the requirement that an administrator be appointed and the monitoring and evaluative process of the judicial system comes into play, assuring some protection to the minor's estate, heirs and creditors.

Obviously, the reason settlement of wrongful death actions are not subject to monitoring by the court prior to filing of a complaint or, following the complaint, unless a minor has an interest, Pa.R.C.P. 2206(a), or a party in interest has petitioned for designation of payment, Pa.R.C.P. 2206(b), is that the settlement is for pecuniary loss to the beneficiary (spouse, parent, child) who, unless a minor, can determine the value he or she placed on the loss. *Manning v. Capolli*, 270 Pa.Super. 207, 411 A.2d 252 (1979).

Part of the problem is that if settlement is entered into before suit and within six months of the death of the decedent, parties entitled to notice under Pa.R.C.P. 2205 will not be notified and they have no opportunity to institute an action for wrongful death as "any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages." Pa.R.C.P. 2202(b); 42 Pa.C.S. § 8301(d). If the court is not monitoring the settlement, then problems of payment may arise after the settlement which may produce an unfair

result for one or the other of the parties in interest.[3]

Thus the law and rules skirt the problem of protecting the interests of all parties in interest, and for lack of specificity fails to do so thereby providing a condition for subsequent recrimination and litigation which otherwise would have been avoided. This is further aggravated by the provision of 42 Pa.C.S. § 8301(b): "The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy *and without liability to creditors of the deceased person under the statutes of this Commonwealth."* (Emphasis added.)

Additionally, wrongful death action settlements are frequently pursued, rather than survival actions, even when the latter might appear to be more appropriate, as this avoids payment of inheritance taxes. The avoidance of inheritance taxes is not subject to control by the courts and is not a factor in my belief that a more closely monitored system is required. Likewise, the possibility that attorney's fees would come under scrutiny if such settlements were reviewed by the court, should not be a reason to avoid such review, when it is presumed that such fees are reasonable and would usually pass scrutiny. Upon analysis, there appear to be few reasons why court scrutiny of wrongful death action settlements as to deceased minors should not be the rule and a number of important legal and policy reasons why they should. These matters, however, are beyond the scope of this Court and must be addressed by the Supreme Court and local rules committees.

I would affirm summary judgment as to the wrongful death action, vacate summary judgment as to the survival action and remand the case for trial as to the survival action.[4]

3. The majority would find that this is a basis for requiring that all settlements be approved by the Orphans' Court. I find no support in the law for this position.

4. The majority, in its footnote 4, finds that because the parties did not agree to settle the wrongful death action separately from the survival

action, we must remand both. The two actions are distinct and, despite the technical defect in approval of the agreement on the survival action, nothing precludes affirming the wrongful death action settlement which did not require court approval.