589 A.2d 731

**Henry F. SCHUSTER and Joan K. Schuster and Henry F. Schuster, Administrator of the Estate of Keith C. Schuster, Appellants,**

**v.**

**Walter REEVES and Jane Reeves, his Wife, d/b/a Wagon Wheel Tavern, Appellees.**

**Henry F. SCHUSTER and Joan K. Schuster and Henry F. Schuster, Administrator of the Estate of Keith C. Schuster, Appellants,**

**v.**

**Donna A. DICKINSON and David Dickinson, her Husband, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 7, 1990.

Filed April 15, 1991.

Frank J. Bolock, Jr., Scranton, for appellants.

Robert J. Kunec, Wilkes–Barre, for Dickinson, appellees.

Before WIEAND, KELLY and CERCONE, JJ.

WIEAND, Judge:

Keith Schuster, age 16, died as a result of injuries sustained when, on May 24, 1979, he was struck while walking along Route 29, Tunkhannock, Lackawanna County, by a vehicle operated by Donna A. Dickinson and owned by her husband, David K. Dickinson. While represented by counsel, the decedent's parents, Henry and Joan Schuster, negotiated a settlement in the amount of thirty thousand ($30,-000) dollars. They subsequently executed a release absolving the Dickinsons of all further liability and were paid the amount accepted in settlement by the Dickinsons' liability insurance carrier. No part of the settlement was approved by any court.

Subsequently, Henry Schuster took out letters of administration in his deceased son's estate and commenced wrongful death and survival actions against Donna and David Dickinson to recover for his son's death.[1] An answer was filed which contained, as New Matter, averments of the earlier settlement and release. In a Reply, the plaintiff alleged, inter alia, that the prior settlement had not received court approval. Thereafter, a defense motion for summary judgment was filed and granted by the court because of the prior settlement and release. This appeal followed.

The law pertaining to the need for court approval of death actions was recently reviewed in *Moore v. Gates*, 398 Pa.Super. 211, 580 A.2d 1138 (1990) (en banc). The Court there said:

> In *Pantazis v. Fidelity & Deposit Co. of Maryland*, 369 Pa. 221, 85 A.2d 421 (1952), the plaintiff, individually and as administratrix of her deceased husband's estate, brought an action alleging wrongful death and survival claims for damages arising from the death of her husband in an automobile accident. At trial, the court dismissed the wrongful death action because the wife, for a

---

**1.** An action was also filed against Walter and Jane Reeves, t/a the Wagon Wheel Tavern, which allegedly had served alcoholic beverages to Donna Dickinson prior to the accident, but that action is not implicated in the present appeal.

valuable consideration, had executed a release in favor of the tortfeasor. The survival action was allowed to go to the jury and resulted in a verdict in favor of the decedent's estate. Judgment was entered on the verdict, but when the administratrix sought to enforce the judgment the defendant argued that, since the wife was the sole heir, her release had the effect of releasing not only her individual claim for the wrongful death of her husband but also any interest which she had in the damages awarded to her husband's estate in the survival action. Although the Court noted that the doctrine of res judicata rendered the defense spurious, the Court said the following about the substantive law.

All that plaintiff released was her claim as an individual in the death action. As administratrix of her husband's estate, she lacked authority, as fiduciary, to release her deceased husband's estate. To do so required leave of the orphans' court, upon proper cause shown. Furthermore, she could not effectively stipulate, as fiduciary in her husband's estate, that there were no debts or taxes due. Only an audit and adjudication could determine that. Nor can plaintiff's release in the death action of her individual rights be regarded in the survival action as a release and assignment of her distributive share under the intestate laws in her deceased husband's estate. What the plaintiff receives in distribution in settlement of her husband's estate is what the law directs shall be paid to her as her distributive share. (emphasis in original).

*Id.*, 369 Pa. at 226, 85 A.2d at 424.

The *Pantazis* decision was viewed as a judicious statement of policy necessary to protect the interests of the Commonwealth, possible creditors, and other parties interested in the decedent's estate. It was procedurally troubling, however, because it required approval of the settlement of a pending action by the orphans' court rather than by the common pleas court in which the action was pending. See, e.g.: Pa.Bar Assoc. Quarterly,

October, 1952, at 16, cited in *Trigg Estate*, 86 D. & C. 76, 77 (1953); Fiduciary Review, September, 1953. Because of this perceived procedural shortcoming, the legislature enacted the Act of July 28, 1953, No. 198, §§ 1–3, 20 P.S. §§ 1151–1153, which provided that any Court in which an action was pending could approve the proposed compromise and settlement of a survival action. In adopting this provision in 1953, the legislature specifically rejected a recommendation that a personal representative be permitted to compromise or settle a survival action without prior court approval. See: Fiduciary Review, *supra* at 4, citing Legal Intelligencer, June 9, 1953.

The 1953 statute was substantially reenacted as Section 3323 of the Probate, Estates and Fiduciaries Code, Act of June 30, 1972, P.L. 508, No. 164, 20 Pa.C.S. § 3323. This section provides in pertinent part as follows:

**§ 3323. Compromise of controversies**

**(a) In general.**—Whenever it shall be proposed to compromise or settle any claim, whether in suit or not, by or against an estate, or to compromise or settle any question or dispute concerning the validity or construction of any governing instrument, or the distribution of all or any part of any estate, or any other controversy affecting any estate, the court, on petition by the personal representative or by any party in interest setting forth all the facts and circumstances, and after such notice as the court shall direct, aided if necessary by the report of a master, may enter a decree authorizing the compromise or settlement to be made.

**(b) Pending court action.**—

**(1) Court order.** Whenever it is desired to compromise or settle an action in which damages are sought to be recovered on behalf of an estate, any court or division thereof in which such action is pending and which has jurisdiction thereof may, upon oral motion by plaintiff's counsel of record in such action, or upon petition by the personal representative of such decedent, make an order approving such compromise or

settlement. Such order may approve an agreement for the payment of counsel fees and other proper expenses incident to such action.

The necessity for court approval of a survival action is not determined by the amount of the settlement. Section 3323 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 3323, provides for court approval "[w]henever it shall be proposed to compromise or settle *any* claim ... by or against an estate." The requirement for court approval of survival actions is intended to protect the estate, as well as the creditors and beneficiaries thereof. Thus, a court may refuse to approve a settlement of a survival action which is inadequate. Court approval was particularly necessary here, where it was proposed to apportion a total settlement so that the major part thereof would be paid to the heirs of the decedent in settlement of the wrongful death action and only a small portion of the settlement would be paid to the decedent's estate in settlement of the survival action.

The law is clear. Where the only heirs entitled to recover for the wrongful death of a decedent are competent adults, they may settle their claims without court approval. This is not altered because the decedent was a juvenile at the time of his or her death. Before a survival claim can be settled on behalf of a decedent's estate, however, such a settlement must be judicially approved. Where there is no action pending, the statute requires that the settlement be approved by the orphans' court having jurisdiction of the decedent's estate. Where a survival action is pending, however, a settlement thereof may be approved by the court in which it is pending; and it is then unnecessary to obtain approval from the orphans' court which has jurisdiction of the decedent's estate. This is the view which has been consistently followed by the trial courts in this Commonwealth. See, e.g.: *Brooks v. Philadelphia*, 63 Pa.D. & C.2d 249 (1973); *Wexler v. Philadelphia Transportation Co.*, 3 Pa.D. & C.2d 122 (1955). See also: *Olson Estate*, 25 Pa.D. & C.2d

622 (1961); Annotation, Power and Responsibility of Executor or Administrator to Compromise Claim Due Estate, 72 A.L.R.2d 191, 215, 296.

*Id.,* 398 Pa.Superior Ct. at 217–218, 580 A.2d at 1140–1141 (footnote omitted).

In *Moore v. Gates, supra,* there had been an oral agreement to accept a lump sum in settlement of both a wrongful death and survival action, but the settlement amount had not been apportioned between the two actions and the amount to be paid in settlement of the survival action had not been approved by a court of competent jurisdiction. The Superior Court held, therefore, that a final and binding settlement had not been concluded, and the oral agreement did not bar later wrongful death and survival actions.

■ In the instant case, there is a written release which has been executed by the claimants. That release is supported by adequate consideration and is also under seal. It releases the appellee-defendants "from any, all and every obligation and any and all actions, claims and demands which they had or might have had ... arising out of the accident of May 24, 1979...." Because the releasors were competent adults, the release is a bar to the assertion of additional claims by the individual releasors. The claims asserted in the wrongful death action were individual claims, and they could be settled validly and released without court approval.

■ The survival action, however, was a claim on behalf of the decedent's estate, and it could not be settled without court approval. Without such approval, the attempt to settle and release the estate's claim was ineffective. The same factual situation was before the Supreme Court in *Pantazis v. Fidelity & Deposit Co. of Maryland, supra,* and its decision is controlling in the instant case. It follows that while the release executed by the plaintiff-appellants in the instant case is a bar to the wrongful death action, the same release does not bar further proceedings in the survival action because settlement of the survival action was not approved by a court of competent jurisdiction.

■ Appellees complain that the consideration for the release was paid to the individual claimants and has not been repaid. This sum, however, was the consideration paid for the release of individual claims. It was paid to the individual claimants who could and did execute, in exchange, a release of their claims. However, they could not settle, without court approval, the survival action brought on behalf of the decedent's estate. It is trite but true to say that appellees' ignorance of the law does not excuse their missteps. When the defendant-appellees paid money to the claimants, they may have believed they were settling the survival action as well as the wrongful death action. In fact, however, the statutory law of this Commonwealth prevented their settling the survival action without court approval. When they paid to the individual claimants the sum of thirty thousand ($30,000) dollars, they took in exchange a release which was effective to bar any further, individual claim for damages. The release, however, had no additional effect. It was ineffective to bar a further claim on behalf of the estate of the decedent. With respect to the survival action, therefore, appellees are not entitled to a set off for moneys paid to obtain a release of individual claims.

The order entering summary judgment in the wrongful death action is affirmed. The order entering summary judgment in the survival action is reversed, and that action is remanded for further proceedings. Jurisdiction is not retained.