**Harris v. Hospital of the University of Pa.**

*Stewart J. Eisenberg,* for plaintiff.

*James A. Young* and *Christina G. Tershakovec,* for defendants.

BERNSTEIN, *J.,* November 6, 1998—Plaintiff Marvin Harris, individually and as the administrator for the estate of Rose Levette Harris and on behalf of the estate of Baby Harris, filed this wrongful death and survival action against the Hospital of the University of Pennsylvania, Dr. David Hanes M.D., and Dr. Tondra Anderson-Lewis M.D., defendants, on November 9, 1995. Plaintiff sought damages against defendants for negligence resulting from the treatment and care of decedent Harris and Baby Harris in September 1993.

On May 19, 1998, this case settled for $887,500. Plaintiff executed a full and final release on June 29, 1998.

Plaintiff filed a petition to settle wrongful death and survival action on August 13, 1998, seeking court approval of the settlement and distribution. On August 14, 1998, plaintiff filed a petition for sanctions under Philadelphia Civil Rule 229.1 for failure to deliver settlement funds. On September 18, 1998, this court entered an order granting the petition, stating that in addition to the settlement funds, defendants must pay simple interest at the rate of 5.375 percent from July 20, 1998 to the date of delivery of the settlement funds. From this order, defendants timely appealed.

According to the complaint, decedent Harris was admitted to the Hospital of the University of Pennsylvania on September 9, 1993 for a non-reactive, non-stress test. She was 29 1/2 weeks pregnant. Upon admission, decedent Harris complained of nausea. On September 13, 1993, she began having seizures. At approximately 11:30 a.m., she went into cardiopulmonary respiratory arrest and died. Immediately after her death, defendants delivered Baby Harris by cesarian section. Later that day, Baby Harris experienced multi-organ failure. Baby Harris died on the morning of September 14, 1993.

The sole issue raised on appeal is whether this court erred in ordering defendants to pay simple interest on the settlement award from July 20, 1998 to the date of delivery of the settlement funds before plaintiff had obtained court approval of the settlement. For the following reasons, this court's ruling was proper and should be affirmed.

Under Philadelphia Civil Rule 229.1, plaintiffs are entitled to simple interest in addition to the settlement award if the funds are not delivered within 20 days from the date of execution of the release. The rule states:

"(D) A released party shall have *20 calendar days from receipt of an executed release* within which to deliver settlement funds to the releasing party or its counsel. . . .

"(F) . . . If the court finds that the released party has violated this rule and that there is no material dispute as to the terms of the settlement or the terms of the release, the court shall impose sanctions in the form of simple interest at a rate equal to the coupon yield equivalent (as determined by the secretary of the U.S. Department of Treasury) of the average accepted auction price for 52-week U.S. Treasury Bills at the auction last preceding the date on which the attorney affidavit was filed, running from the 21st day to the date of delivery of the settlement funds, together with reasonable attorneys' fees incurred in the preparation of the affidavit."[1]

Here, Rule 229.1 requires defendants to deliver the sum of $887,500 to plaintiff by July 19, 1998, 20 days after execution of the release. To date, however, defendants have failed to deliver the settlement sum to plaintiff. Defendants argue that they are not obligated to pay the settlement funds until 20 days after the settlement has been judicially approved. Despite the clear language of the rule, defendants assert that the 20-day period begins to run from the date of court approval as opposed to the date of execution of the release.[2] However, they offer no support for this proposition.

Both parties agree that court approval of the settlement is required in this case and that it has not yet been

---

1. Philadelphia Civil Rule 229.1. (emphasis added)

2. Reply of defendants Hospital of the University of Pennsylvania, David Hanes M.D., and Tondra Anderson M.D. in opposition to plaintiff's petition for sanctions under Philadelphia Civil Rule 229.1. Filed September 3, 1998. Pages 3-4.

14

granted.[3] Under Pennsylvania law, "[w]henever it shall be proposed to compromise or settle any claim . . . by or against an estate . . . the court, on petition by the personal representative or by any party in interest . . . may enter a decree authorizing the compromise or settlement be made." 20 Pa.C.S. §3323(a). Where wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court with competent jurisdiction. *Moore v. Gates,* 398 Pa. Super. 211, 580 A.2d 1138 (1990), *appeal denied,* 527 Pa. 617, 590 A.2d 758 (1991). Because this case involves a settlement in a survival action, court approval is required.

The parties disagree, however, on how the requirement of court approval affects defendants' obligation to deliver the settlement funds under Rule 229. 1. Neither Rule 229.1 nor case law addresses how the two requirements interplay. Consequently, the court should look to the intent explicit in the Philadelphia Civil Rules. The rules of construction provide that the rules "shall be construed liberally to insure that no one is denied justice."[4] In this case, plaintiff has a legitimate interest in receiving interest accrued on the $887,500 settlement sum from the date of execution of the release until the funds are delivered. Defendants have a legitimate interest in seeing that the money is not distributed until the settlement has been approved to protect against dissipation of the funds and rejection of the settlement by the court. In this case, Rule 229.1 can be construed to insure that no one is denied

3. Plaintiff's response to defendants' reply in opposition to plaintiff's petition under Philadelphia Civil Rule 229.1 for sanctions for failure to deliver settlement funds. Filed September 16, 1998.

4. Philadelphia Civil Rule 51(C).

justice by protecting the legitimate interests of both parties.

Although the settlement award has not yet been judicially approved, plaintiff is entitled to simple interest on the settlement award under Philadelphia Civil Rule 229.1 because defendants failed to deliver the funds within 20 days after execution of the release. Presently, defendants retain control over the $887,500 settlement sum and interest accrues to their benefit. While the settlement continues to accrue interest, plaintiff alone bears the risk that defendants or their carrier may become insolvent.[5] Defendants may not avoid the requirements of Rule 229.1 where the release has been executed because the settlement award has not yet been judicially approved. Rule 229.1 can be satisfied by the deposit of $887,500 into an interest-bearing escrow account. This will ensure that the settlement sum will remain intact until distribution while permitting plaintiff to obtain the full benefit of all interest accrued while court approval is pending.[6]

For the foregoing reasons, plaintiff is entitled to simple interest at the rate of 5.375 percent on the $887,500 settlement award from July 20, 1998 to the date of delivery of the settlement funds pursuant to Philadelphia Civil Rule 229. 1. This court properly granted plaintiff's petition for sanctions, and its ruling should be affirmed.

---

5. Unfortunately, Philadelphia has recently experienced the insolvency of a large malpractice carrier (PIC) and the bankruptcy of a major medical care provider (Allegheny). Numerous plaintiffs have been financially injured by insolvent carriers.

6. For greater protection, defendants can deposit the settlement sum into an escrow account that requires the signatures of counsel for both parties or an order of the court before funds may be withdrawn. The court notes that the order entered does not mandate deposit; it merely determines who will receive the interest.