# Gula v. Golden Hill Nursing Home

130

*Amanda B. Kraft*, for petitioner
*Robert F. Daley*, for plaintiff/respondent

PICCIONE, *J.*, May 8, 2013—Before the court for disposition is a motion for reconsideration and motion to vacate order filed on behalf of the petitioner, the Commonwealth of Pennsylvania, Department of Public Welfare (hereinafter, "DPW") pertaining to an order of court entered by this court on November 6, 2012. Prior to reaching the merits of DPW's motion, the court will provide a summation of the relevant procedural and factual history of this case.

The underlying wrongful death action was initiated on August 6, 2010 by the plaintiff, Michael David Gula, individually and as executor of the Estate of Michael Gula (hereinafter, "plaintiff") to recover damages for the negligent care and subsequent death of his father, Michael Gula, from the defendant, Golden Hill Nursing Home (hereinafter, "Golden Hill"). Plaintiff and Golden Hill eventually reached a settlement, and pursuant to the Pennsylvania Rules of Civil Procedure, Rule 2206(b)(1), petitioned the court for approval of the same on November 1, 2012. The plaintiff indicated in his petition for approval of settlement and distribution of wrongful death and survival actions that the Commonwealth of Pennsylvania

(hereinafter, "petition for approval"), Department of Revenue (hereinafter, "Department of Revenue") objected to the proposed allocation of the settlement proceeds. Plaintiff represented to the court that the Department of Revenue would only agree to a 50/50 distribution of the proceeds between the wrongful death action and the survival action. The Department of Revenue did not appear in motions court, to assert its objection, despite being provided with proper notice of the plaintiff's petition for approval, and after a brief inquiry of the respondent, this court approved the petition for approval by order of court issued on November 6, 2012.[1]

On February 12, 2013 DPW presented a motion for reconsideration and motion to vacate order. DPW asserted that it expended a significant amount of money for the care and treatment of Michael Gula and that it did not receive notice of respondent's petition for approval. This court granted DPW's motion for reconsideration and scheduled a hearing for March 27, 2013. Following the March 27, 2013 hearing, both the plaintiff and DPW filed briefs in support of their respective positions. The matter is now before the court for a determination.

Plaintiff adamantly opposes DPW's motion for reconsideration and motion to vacate order, and he argues

---

1. On November 16, 2012, a copy of respondent's petition for approval of settlement and distribution of wrongful death and survival actions was provided to the Honorable Judge John W. Hodge. Upon receipt of the same, Judge Hodge issued an order of court scheduling a hearing. Plaintiff subsequently petitioned the court to cancel that hearing, and indicated that Judge Hodge was improperly forwarded a copy of the petition due to a filing error on the part of the respondent. Judge Hodge subsequently cancelled the hearing and reinstated this court's November 6, 2012 order of court.

that this court's November 6, 2012 order was final; thus, DPW has no standing to contest the validity of the November 6, 2012 order. Plaintiff further argues that DPW was informed of the petition to approve, despite the fact that DPW is not a party in this action and was not entitled to notice of the petition for approval because DPW is only a creditor of Michael Gula's estate.

The court will, therefore, first address whether plaintiff has an obligation to specifically notify DPW of his petition for approval and if so, whether plaintiff failed to fulfill that obligation. Section 3393 of the Pennsylvania Probate, Estate and Fiduciaries Code as follows:

> When the Commonwealth or a political subdivision thereof has a claim for maintaining in an institution a person who has died in the institution, the personal representative, within three months after the grant of letters, shall give notice thereof to the Department of Revenue or to the proper officer of such political subdivision, as the case may be.

20 Pa.C.S. §3393.

A strict interpretation of Section 3393 leads this court to conclude that the Department of Revenue is entitled to notice of a personal representative being issued letters testamentary within thirty days. The court does not interpret Section 3393 to require that the Commonwealth, in any of its political capacities, be provided with notice of pleadings or disposition of actions involving estates. Furthermore, the record clearly establishes that plaintiff notified the Department of Revenue of its intent to present the petition for approval. *See* Certificate of Service,

attached to petition for approval, dated October 23, 2012. Despite the Department of Revenue being aware of respondent's request for 80 percent of the settlement proceeds to be designated to the survival action, the Department of Revenue failed to appear before the court to assert its objection.

Respondent's petition for approval additionally provides that "petitioner/plaintiff's counsel has contacted all known potential lien holders, including Medicare, *the Pennsylvania Department of Public Welfare*, and any private insurers known to petitioner/plaintiff's counsel..." *See* petition for approval, p. 2, paragraph 8 (emphasis provided). Plaintiff further admitted that DPW held a lien on the estate in the amount of $652.17. *Id.*, p. 2. Paragraph 10.

At the March 27, 2013 hearing, plaintiff asserted that although he had no obligation to inform the DPW of these proceedings, plaintiff did notify the DPW of the ongoing wrongful death and survival actions. Plaintiff then provided the court with correspondences issued between plaintiff and DPW regarding outstanding liens on Michael Gula's estate by attaching the same to his brief. A careful review of the exhibits attached to plaintiff's brief indicates that DPW was notified of the ongoing litigation and ultimate settlement by correspondences sent to the DPW from plaintiff's counsel. *See* Respondent's exhibit 6, 8, 9 and 7 respectively.

After a careful review of the Pennsylvania probate, estate and fiduciary code, as well as the brief submitted by the respective parties, the court cannot find any case

law or statutory law to establish that the DPW was entitled to be specifically notified of plaintiff's petition for approval. Nevertheless, the court believes that plaintiff kept the DPW appraised of these proceedings and notified the DPW when a settlement was reached in order to satisfy any outstanding liens on the estate. The court therefore concludes that the plaintiff acted properly in his presentation of the petition for approval.

The court will next consider the DPW's motion for reconsideration of this court's November 6, 2012 order of court. Procedurally, the court finds that the DPW's motion for reconsideration is untimely, as the same was presented in excess of sixty days from the date of the November 6, 2012 order. Pursuant to Rule 341 of the Pennsylvania Rules of appellate procedure, a court or moving party must act within thirty days from the entry of a final order of court. On this basis, the court concludes that the DPW's motion for reconsideration must be denied.

However, for the purposes of fully developing and disposing of all pending matters before this court, the court will now consider the merits of the DPW's motion for reconsideration, which proposes a distribution of the settlement proceeds of seventy-five percent directed to the survival action and twenty-five percent directed to the wrongful death action. When plaintiff presented this court with his petition for approval, plaintiff earnestly informed the court that the Department of Revenue[2] objected to

---

2. The court in noting the Department of Revenue's proposed distribution of settlement proceeds is in no way comingling the Department of Revenue with the Department of Public Welfare. Rather, this court is elaborating on the court's prior determination that a large distribution to the survivor action was not appropriate in this case.

plaintiff's proposed distribution of eighty percent of the settlement proceeds being directed to the wrongful death action and the remaining twenty percent being directed to the survival action. Plaintiff informed this court that the Department of Revenue proposed a fifty-fifty division of the proceeds.

As previously stated, Section 3323 of the probate, Estates and Fiduciaries Code, 20 Pa.C.S. §3323, provides for court approval "[w]henever it shall be proposed to compromise or settle *any* claim ... by or against an estate." "The requirement for court approval of survival actions is intended to protect the estate, as well as the creditors and beneficiaries thereof. Thus, a court may refuse to approve a settlement of a survival action which is inadequate." *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. 1990) (holding that court approval is necessary where a large portion of a settlement award would be paid to the heirs of the decedent in settlement of the wrongful death action and only a small portion of the settlement would be paid to the decedent's estate in settlement of the survival action)).

While an adult heir, who is entitled to recover for the wrongful death of his decedent, may settle his claims without court approval, court approval is required when wrongful death and survival actions are settled for a single amount. *Moore*, 580 A.2d at 1141. It is therefore, the trial court's obligation to review the terms of the settlement and proposed distributions and evaluate the reasonableness of the terms prior to approving of any final distributions. *Id.* at 1142.

After a thorough review of the November 6, 2012

order of court, this court is satisfied with its determination regarding the distribution of settlement proceeds in these proceedings. The court accepted plaintiff's counsel's assertion that the plaintiff suffered a significant societal loss upon the death of this father, Michael Gula, and that the plaintiff maintained a strong relationship with his father throughout this life. This court has no evidence presently before it to refute these assertions or to challenge plaintiff's credibility.

For all of the foregoing reasons, the Commonwealth of Pennsylvania, Department of Public Welfare's motion for reconsideration and motion to vacate is denied.

## ORDER OF COURT

And now, this 8th day of May, 2013, with this case being scheduled for argument on a motion for reconsideration and motion to vacate order, filed on behalf of the Commonwealth of Pennsylvania, Department of Public Welfare, after considering the Commonwealth of Pennsylvania, Department of Public Welfare's Motions, as well as the briefs filed on behalf of the respective parties, the court hereby orders and decrees as follows:

1. The Commonwealth of Pennsylvania, Department of Public Welfare's motion for reconsideration and motion to vacate order are denied, pursuant to the attached opinion.

2. The order of court entered in the above captioned case on November 6, 2012 is affirmed and fully incorporated herein.

3. The prothonotary shall properly serve notice of this order of court upon counsel of record for the parties.