## Lauffer v. Sheetz Inc.

C.P. of Westmoreland County, no. 2200 of 1999.

*Kevin Flaherty*, for plaintiffs.
*Alexander P. Bicket*, for defendant.

LOUGHRAN, *P.J.*, July 10, 2000—On June 9, 1998 at approximately 8 p.m., the husband plaintiff was lawfully on defendant's premises for the purpose of purchasing cigarettes. As the husband plaintiff was in the process of exiting the premises he encountered another patron entering defendant's place of business and proceeded to hold the door open for the patron. Upon releasing his hand from the door and turning to continue to exit the husband plaintiff collided into a pipe batten, that was approximately 30 3/8 inches in height, was taken off his feet and landed on top of the pipe batten. As a result of this incident, the husband plaintiff sustained severe and serious injuries to his scrotum and testicles.

The defendant Sheetz has moved for summary judgment contending that the danger was so obvious and known that Sheetz cannot be held liable to the plaintiffs.

Summary judgment should not be entered unless a case is free from doubt; the moving party must prove that there is no genuine issue of material fact to be tried and that it is entitled to judgment as a matter of law and, moreover, the record must be viewed in light most favorable to non-moving party, and all doubts as to the existence of a genuine issue of material fact must be re-

solved against the moving party. *Richland Mall Corp. v. Kasco Construction Co.,* 337 Pa. Super. 204, 486 A.2d 978 (1984).

The Pennsylvania cases that discuss known or obvious dangers have adopted section 343A(1) of the Restatement (Second) of Torts which in pertinent part states:

"Section 343A. Known or obvious dangers

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

In the opinion of this court, the placement of a pipe batten 30 3/8 inches in height near a doorway itself creates a question of fact as to the foreseeability of harm to those business invitees using the doorway. Comment f to section 343A of the Restatement (Second) of Torts is appropriate to the fact situation at hand. It states:

"Such reason to expect harm to the visitor from known or obvious dangers may arise, for example where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it."

Under the facts here, the husband plaintiff was distracted by holding the door open for another patron and while in the process of doing that, could well have forgotten or been distracted from the pipe which was in such close proximity to the door.

These are all questions of fact for the fact-finder and, as such, prevent the granting of a summary judgment motion.

294

Accordingly, defendant's motion for summary judgment will be denied.

## ORDER

And now, to wit, July 10, 2000, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the defendant's motion for summary judgment is hereby denied.