## Wimer v. Macielak

C.P. of Crawford County, no. A.D. 1995-1052.

*James P. Lay III,* for plaintiffs.
*Bernard R. Rizza,* for defendants.

VARDARO, *J.,* July 26, 2000—The plaintiffs have brought the present medical malpractice action against the named defendants for injuries suffered by plaintiff, John D. Wimer, while under their care as a patient at the Meadville Medical Center on or about October 7, 1993. It is alleged that as a result of the medical negligence of the defendants, the plaintiff suffered a spinal cord injury which has left him a paraplegic. The pleadings are now closed and defendant Macielak and Orthopedic Associates of Meadville have moved for summary judgment as to the plaintiff's punitive damage claim. We turn now to address this matter.

## DISCUSSION

Rule 1035.2 provides as follows:

"After the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or

defense which could be established by additional discovery or expert report; or

"(2) if after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The purpose of this rule is to eliminate cases prior to trial where a party cannot make out a claim after relevant discovery has taken place. *Eaddy v. Hamaty,* 694 A.2d 639 (Pa. Super. 1997). Summary judgment will be properly granted where the pleadings, depositions, answers to interrogatories, admissions and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Cosmas v. Bloomingdales Bros. Inc.,* 442 Pa. Super. 476, 660 A.2d 83 (1995).When ruling on a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party by resolving all doubt as to the existence of genuine issues of material fact and against a grant of summary judgment. *Young v. PennDOT,* 560 Pa. 373, 744 A.2d 1276 (2000). Summary judgment may be granted only in cases where the right is clear and free from doubt. *Davis v. Brennan,* 698 A.2d 1382 (Pa. Commw. 1997). The task of the trial court is not to decide issues of material fact, but only to decide if evidence has been set forth to conclude that material facts remain to be tried. *Troy v. Kampgrounds of America Inc.,* 399 Pa. Super. 41, 581 A.2d 665 (1990).

The defendants take the position that the evidence of record does not support the plaintiffs' claim for punitive damages and, therefore, no material issue of fact remains with respect to this issue. We are faced in the matter sub judice with a procedural error on the part of the plaintiffs which is unfortunately a disturbing, but widespread practice in the area of summary judgments and which has caused many seemingly viable causes of action to be dismissed. The plaintiffs, in response to the defendant's motion for summary judgment, responded with their "brief in opposition to motion for partial summary judgment filed by defendants Macielak, Laub and Orthopedic Associates of Meadville P.C." Attached to the brief are exhibits supporting their argument in opposition to the defendant's motion. These supporting exhibits, however, which include documents, hospital records, and excerpts from deposition testimony,[1] are not part of the record. We have examined the record of documents filed with the prothonotary's office and find none of the exhibits which are presented in the plaintiffs' brief to be part of the plaintiffs' record.

It is black-letter law that briefs are not part of the official record. *Scopel v. Donegal Mutual Insurance Co.,* 698 A.2d 602 (Pa. Super. 1997). See also, *Schacter v. Albert,* 212 Pa. Super. 58, 239 A.2d 841 (1968) (on a motion for summary judgment a court must consider the setting of the case and only those papers which are included in the record). Consequently, we cannot and will not consider the exhibits which the plaintiffs have at-

---

1. A review of Pa.R.C.P. 4002.1 and the explanatory comment thereafter discloses that discovery materials do not automatically become part of the record.

tached to their brief in opposition to the defendant's motion for summary judgment.

Notwithstanding the plaintiffs' failure to enter their supporting exhibits into the record, we have examined the entire record as we are required to do. See *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989) (trial court must examine the *entire* record, including the pleadings, depositions, answers to interrogatories, any admissions to the record, and affidavits that were filed by the parties before ruling on a summary judgment motion). As a result, we have examined the exhibits attached to the defendants' motion for summary judgment which *are* part of the record. We find that two of the defendants' exhibits are also exhibits which the plaintiffs attached to their brief. We also find portions of defendant Macielak's deposition testimony attached as an exhibit to the defendants' summary judgment motion.

From these exhibits, we find evidence that neurological deficits manifested with the plaintiff shortly after his surgery and that at least two attempts were made at that time to contact defendant Macielak though his beeper in an effort to advise him of the situation. (Defs.['] exhibit D.) The first attempt was at 4:50 p.m. and the second at 5 p.m. *Id.* A third attempt to contact defendant Macielak at 7 p.m. is then evidenced. (Defs.['] exhibit F.) The defendant testified, however, that while he did have his beeper with him on the day in question and was not aware of any malfunctions, he did not recall receiving these messages and did not return to the hospital until 9 p.m. (Defs.['] exhibits D, G, R, Q and S.) Nor could he explain his whereabouts at the times at issue. (Defs.['] exhibit R.)

We note that punitive damages may be awarded "only if an actor's conduct was malicious, wanton, willful, oppressive, or exhibited a reckless indifference to the rights of others." *Johnson v. Hyundai Motor America,* 698 A.2d 631, 639 (Pa. Super. 1997). Punitive damages are appropriate only when an individual's actions are of such an outrageous nature that they demonstrate intentional, willful, wanton, or reckless conduct. *SHV Coal Inc. v. Continental Grain Co.,* 526 Pa. 489, 587 A.2d 702 (1991). See also, Restatement (Second) of Torts §908(2), adopted in Pennsylvania in *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984).

Considering the evidence properly before us in the light most favorable to the plaintiffs and the law framing that which constitutes behavior sufficient to justify an award of punitive damages, we conclude that there is sufficient evidence of record to find that a material issue of fact remains to be determined as to whether the defendant acted with reckless indifference to the medical condition of the plaintiff in failing to respond to the messages sent to the defendant's beeper. See *Aimco Imports v. Industrial Valley Bank,* 291 Pa. Super. 233, 435 A.2d 884 (1981) (fundamental that the moving party's evidence must clearly exclude any genuine issue of material fact). We find it reasonable that a jury could choose to disbelieve the defendant that he did not receive any of the messages which were sent to him from the hospital and that his disregard of the attempts to contact him, with knowledge of the post-operative dangers inherent in the plaintiff's recent back surgery, constituted reckless indifference to the health of the plaintiff. We find it equally reasonable that a jury could choose to believe the defendant, in fact, received no messages. Our task at this point

is not to decide whether defendant Macielak acted with reckless indifference in his care of the plaintiff, but only to decide if sufficient evidence is on the record to conclude that this fact remains to be tried. We so decide. The defendants' motion for summary judgment is denied.

## ORDER

And now, July 26, 2000, the defendants' motion for summary judgment is denied.